EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Acting Senior Assistant Attorney General
MICHELLE DES JARDINS
Supervising Deputy Attorney General
PHILLIP LINDSAY, State Bar No. 204444
Deputy Attorney General
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone:  (619) 645-3134
 Fax:  (619) 645-2581
 Email:  Phillip.Lindsay@doj.ca.gov

Attorneys for Defendant Darr

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MATTHEW LOUIS JOHNSON,**<br><br>Plaintiff,<br><br>v.<br><br>**DARR,**<br><br>Defendant. | 08-CV-0080-DMS (POR)<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT**<br><br>Date:        August 28, 2008<br>Time:        2:00 p.m.<br>Courtroom:  H<br>Judge:        The Honorable Louisa<br>                   S. Porter<br><br>**Oral Argument Not Required** |

1

# TABLE OF CONTENTS

2

Page

3

INTRODUCTION .................................................................................................... 2

4

    A.    Johnson's First Action ............................................................................ 3

5

    B.    Johnson's Current Action ....................................................................... 3

6

STANDARD ON MOTION ..................................................................................... 3

7

8

ARGUMENT ............................................................................................................ 5

9

    I.    THIS COURT SHOULD DISMISS PLAINTIFF'S

10

          COMPLAINT BECAUSE THE ISSUE OF WHETHER HE
EXHAUSTED ADMINISTRATIVE REMEDIES IS SUBJECT

11

          TO COLLATERAL ESTOPPEL .................................................... 5

12

          A.    Standard for Collateral Estoppel ............................................... 5

13

          B.    The Current Action Involves the Identical Claim and Exhaustion Issue as the

14

              First Action. ................................................................................ 6

15

          C.    Johnson had a Full and Fair Opportunity to Litigate the Exhaustion Issue in

16

              the First Action. ........................................................................ 7

17

          D.    The Exhaustion Issue was Critical and Necessary to the First Decision. .......... 8

18

    II.    THIS COURT SHOULD DISMISS PLAINTIFF'S

19

          COMPLAINT BECAUSE HE FAILED TO EXHAUST HIS
ADMINISTRATIVE REMEDIES AFTER THIS COURT

20

          DISMISSED THE FIRST ACTION ............................................. 9

21

          A.    The Prison Litigation Reform Act of 1995 Requires All Prisoners to Exhaust

22

              the State's Administrative Remedies Before Filing Suit. ................... 9

23

          B.    California Law Requires Inmates to Submit a Written Grievance Through

24

              Four Levels of Review to Exhaust their Administrative Remedies. ......... 10

25

          C.    This Court Should Dismiss the Complaint Because Johnson Failed to

26

              Exhaust his Administrative Remedies After his First Action was

27

              Dismissed. ................................................................................ 11

28

**TABLE OF CONTENTS  (continued)**

Page

III.    **THIS COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT
        AS FRIVOLOUS BECAUSE IT LACKS AN ARGUABLE BASIS
        IN LAW**                                                        12

        A.    This Court Should Dismiss the Complaint Because it has No Arguable
              Basis in Law.                                             13

        B.    This Court Should Dismiss the Complaint as a "Strike" to Deter the
              Re-Filing of Identical Suits.
                                                                       14

**CONCLUSION**                                                          15

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Andrews v. King*
**398 F.3d 1113 (9th Cir. 2005)**                                                    12

*Astoria Federal Sav. and Loan Ass'n v. Solimino*
501 U.S. 104 (1991)                                                                   6

*Bailey v. Johnson*
846 F.2d 1019 (5th Cir.1988)                                                          13

*Barry v. Ratelle*
985 F. Supp. 1235 (S.D. Cal. 1997)                                                   10

*Blonder-Tongue Laboratories v. University of Illinois Foundation et al.*
402 U.S. 313 (1971)                                                                   7

*Booth v. Churner*
532 U.S. 731 (2001)                                                                   9

*Clark v. Bear Stearns & Co.*
966 F.2d 1318 (9th Cir. 1992)                                                       5, 6

*Clark v. Bear Stearns & Co.*
966 F.2d 1318 (9th Cir. 1992)                                                         4

*Clark v. Mason*
No. C04-1647C, 2005 WL 1189577, at *4 (W.D. Wash. May 19, 2005)                    7, 8

*Cruz v. Beto*
405 U.S. 319 (1972)                                                                  12

*Davis v. Bacon*
234 Fed.Appx. 872 (10th Cir. 2007)                                                   13

*Dodd v. Hood River County*
136 F.3d 1219 (9th Cir. 1998)                                                         7

*Eisel v. Columbia Packing Co.*
181 F.Supp. 298 (Mass. 1960)                                                          7

**TABLE OF AUTHORITIES** (continued)

Page

*Goland v. United States*
903 F.2d 1247 (9th Cir. 1990) .......................................... 12

*Jones v. Bock*
127 S. Ct. 910 (2007) .......................................... 9

*Jones v. Bock*
127 S. Ct. 910 (2007) .......................................... 9

*Montana v. U.S.*
440 U.S. 147 (1979) .......................................... 5

*Neitzke v. Williams*
490 U.S. 319 (1989) .......................................... 12-14

*Parklane Hosiery Co., Inc. v. Shore*
439 U.S. 322 (1979) .......................................... 5, 6

*Porter v. Nussle*
534 U.S. 516 (2002) .......................................... 9

**Shapley v. Nevada Bd. of State Prison Com'rs**
**766 F.2d 404 (9th Cir. 1985)** .......................................... 13

*Taylor v. Delatoore*
281 F.3d 844 (9th Cir. 2002) .......................................... 12

*Town of N. Bonneville v. Callaway*
10 F.3d 1505 (9th Cir. 1993) .......................................... 5

*United States v. Ritchie*
342 F.3d 903 (9th Cir. 2003) .......................................... 3

*Vaden v. Summerhill*
449 F.3d 1047 (9th Cir. 2006) .......................................... 10

**Williams v. Faulkner**
**837 F.2 304 (1988)** .......................................... 13

*Woodford v. Ngo*
548 U.S. 81 (2006) .......................................... 9, 10

**TABLE OF AUTHORITIES  (continued)**

**Page**

*Wyatt v. Terhune*
315 F.3d 1108 (9th Cir. 2003)                                        3, 10

**Constitutional Provisions**

Fourth Amendment                                                        3
Fifth Amendment                                                        3
Eighth Amendment                                                3, 7, 8, 11
Ninth Amendment                                                        3
Fourteenth Amendment                                                    3

**Statutes**

United States Code
        Title 28
                § 1915                                                  4
                § 1915(e)(2)(b)                                        12
                § 1915(g)                                            12, 14

California Code of Regulations
        Title 15
                §§ 3084.1-3084.7                                       10
                § 3084.1(a)                                            10
                § 3084.5                                               10
                § 3084.5(a)(3)                                         10
                § 3084.5(b)(1)-(4)                                     10
                § 3084.6(c)                                            10

Federal Rule of Civil Procedure
        Rule 11                                                       12
        Rule 12(b)                                                     3
        Rule 12(b)(6)                                                  3
        Rule 56                                                        3

Federal Rules of Evidence
        Rule 201                                                       3
        Rule 803(7)                                                    3

**TABLE OF AUTHORITIES  (continued)**

**Page**

**Other Authorities**

Prison Litigation Reform Act                                    1, 4, 9-15

    §1915(g)                                                          4

Webster's Third New International Dictionary 913 (1993)              12

EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Acting Senior Assistant Attorney General
MICHELLE DES JARDINS
Supervising Deputy Attorney General
PHILLIP LINDSAY, State Bar No. 204444
Deputy Attorney General
  110 West A Street, Suite 1100
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone:  (619) 645-3134
  Fax:  (619) 645-2581
  Email:  Phillip.Lindsay@doj.ca.gov

Attorneys for Defendant Darr

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MATTHEW LOUIS JOHNSON,** | 08-CV-0080-DMS (POR) |
| Plaintiff, | **DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT** |
| **v.** | |
| **DARR,** | Date:          August 28, 2008 |
| Defendant. | Time:          2:00 p.m. |
| | Courtroom:  H |
| | Judge:        The Honorable Louisa S. Porter |
| | **Oral Argument Not Required** |

This is Plaintiff's second action against the same Defendant based on the same incident. This Court dismissed Plaintiff's first action for failure to exhaust available administrative remedies before filing suit. Likewise, this Court should dismiss this identical action because Plaintiff failed to cure the deficiency after his first action was dismissed without prejudice. This Court should also dismiss Plaintiff's complaint as frivolous because it is baseless and, therefore, its dismissal should count as a "strike" under Section 1915(g) of the Prison Litigation Reform Act (PLRA).

**INTRODUCTION**

Plaintiff Matthew Johnson is a California prison inmate currently incarcerated at the Correctional Training Facility (CTF) in Soledad, California.  Johnson complains about an incident that took place while he was housed at Centinela State Prison (CEN) in Imperial, California.  While at CEN, Johnson alleges that Defendant Darr, a Correctional Officer at CEN, intentionally placed him at risk of attack by other inmates, and that inmates did, in fact, attack him, causing him injury.

On July 17, 2005, while Johnson was incarcerated at CEN, a race riot took place between African-American and Hispanic inmates in facility D.  (Plaintiff's Complaint (Compl.) 3.) Defendant Darr called Johnson and three other inmates to the program office.  (*Id*.)  Plaintiff and all three inmates were "Mac Reps" of facility D.[1]  (*Id*. at 3.)  Defendant Darr informed all four inmates that each inmate would be going from building to building to talk with the inmates in an attempt to resolve the racial tension that had developed.  (*Id*. at 3, C-3.)  The inmates were divided into groups, and Plaintiff was assigned to the group escorted by Defendant Darr.  (*Id.* at C-3.)

When Johnson and Defendant Darr arrived at building 1, all inmates were locked in their cells.  (*Id*.)  Johnson then proceeded to go from cell to cell, speaking with inmates.  (*Id*.)  When Johnson reached the last cell on the upper tier, he alleges that Defendant Darr ordered the control tower officer to open four cells containing eight Hispanic inmates, at which time they exited their cells and attacked Plaintiff.  (*Id*. at C-3-4.)  As a result of the attack, Johnson alleges that he required stitches in his lip and head.  (*Id.* at C-4.)  After receiving medical treatment, Johnson alleges that Defendant Darr ordered Johnson to Administrative Segregation (Ad-Seg), where Plaintiff was informed that he would remain pending transfer to another institution.  (*Id*.)

///

---

1.  Defendant believes that the term "Mac Reps" refers to representatives of the Men's Advisory Counsel.  A Men's Advisory Counsel is a "body of inmates selected by the general population of inmates to act in an advisory capacity to the Warden, and his or her administrative staff, in matters of common interest and concern to the general inmate population and administration." Cal. Dep't of Corrections Operations Manual, § 53120.1.

**A.    Johnson's First Action**

Johnson filed his first action regarding the July 2005 incident against Defendant Darr on June 14, 2006, under case number 06-CV-01257-JAH (POR).  He alleged that Darr violated his constitutional rights under the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments.  Johnson also alleged Darr's actions violated state law.  On December 13, 2007, this Court dismissed Johnson's Fourth, Fifth and Ninth Amendment claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  His Eighth Amendment claim was dismissed on the ground that he failed to exhaust administrative remedies before filing his lawsuit.  With all of Johnson's federal claims dismissed, the Court declined to exercise supplemental jurisdiction over his state law claims.

**B.    Johnson's Current Action**

On January 14, 2008, Johnson filed the current action alleging an identical Eighth Amendment claim against Darr, seeking compensatory damages in the amount of $500,000, punitive damages in the sum of $1,500,000, and immediate release from custody.  (Compl. at 7.)

Defendant moves to dismiss Johnson's Complaint under Rule 12(b) (unenumerated) on the ground that he failed to exhaust his administrative remedies after his first action was dismissed without prejudice.  Moreover, Johnson is collaterally estopped from relitigating his failure to exhaust the prison's administrative remedies before filing his first suit.  Finally, Defendant moves this Court to dismiss Johnson's second identical lawsuit as frivolous, because it lacks an arguable basis in law.

## STANDARD ON MOTION

"In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."  *Wyatt v. Terhune*, 315 F.3d 1108, 1119-1120 (9th Cir. 2003).  Matters subject to judicial notice under Federal Rule of Evidence 201 may be considered in deciding Rule 12(b) motions, and official records and reports may be so noticed and considered without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Federal Rule of Evidence 803(7) is also relevant:  the absence of business records may "prove

1    the nonoccurrence or nonexistence of the matter, if the matter was of a kind of which a

2    memorandum, report, record, or data compilation was regularly made and preserved, unless the

3    sources of information or other circumstances indicate a lack of trustworthiness."

4        A party will be collaterally estopped from relitigation of an issue when the issue is

5    identical to one previously litigated by that party. The court must find that the issue was actually

6    litigated, and that determination of the issue was critical and necessary to the judgment in the

7    earlier action. *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992). If an issue is

8    essential to the success of the plaintiff's case, but the plaintiff is collaterally estopped from

9    relitigating it, the complaint must be dismissed. *Id.*

10        Further, 28 U.S.C. § 1915 allows federal courts to dismiss *in forma pauperis* actions,

11    either *sua sponte* or on motion of the Defendant, if satisfied they are frivolous. Dismissal of a

12    claim as frivolous allows it to be considered a "strike" under Section 1915(g) of the PLRA.

13    ///

14    ///

15    ///

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

**ARGUMENT**

**I.**

**THIS COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT BECAUSE THE ISSUE OF WHETHER HE EXHAUSTED ADMINISTRATIVE REMEDIES IS SUBJECT TO COLLATERAL ESTOPPEL**

The Court dismissed Johnson's first action on December 13, 2007, for failure to exhaust administrative remedies. (*Johnson v. Darr*, case no. 06-CV-01257-JAH (POR), (Doc. No. 20), *see* Def.'s Req. for Judicial Not., Ex. B.) Because the issue of whether Johnson exhausted administrative remedies has previously been decided by this court, Johnson is foreclosed from re-litigating it in a subsequent suit. Moreover, the evidence shows that he has still not exhausted his administrative remedies after this Court dismissed his first action without prejudice. Because Johnson is collaterally estopped from re-litigating this court's prior finding, the complaint should be dismissed.

**A.    Standard for Collateral Estoppel**

"Collateral estoppel bars the relitigation of issues actually adjudicated in previous litigation between the same parties." *Clark v. Bear Stearns & Co.*, 966 F.2d at 1320. The doctrine "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party. . .and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). Collateral estoppel also prevents inconsistent results by foreclosing issues critical to the outcome of a case from relitigation. *Montana v. U.S.*, 440 U.S. 147, 153-154 (1979). Collateral estoppel applies when:

> (1) the issue at stake [is] identical to the one alleged in the prior litigation; (2) the issue [has] been actually litigated [by the party against whom preclusion is asserted]; and (3) the determination of the issue in the prior litigation [was] a critical and necessary part of the judgment in the earlier action.

*Town of N. Bonneville v. Callaway*, 10 F.3d 1505, 1508 (9th Cir. 1993). For an issue to be "actually litigated," the party against whom preclusion is asserted must have had a "full and fair" opportunity to litigate the issue. *Parklane Hosiery Co., Inc.*, 439 U.S. at 325.

///

08-CV-0080-DMS (POR)

5

**B.    The Current Action Involves the Identical Claim and Exhaustion Issue as the First Action.**

"A losing litigant deserves no rematch after a defeat fairly suffered. . .on an issue identical in substance to the one he subsequently seeks to raise." *Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991).  An "identical" issue raised in a second suit relates to the same transaction and involves the same parties, witnesses and evidence.  *Clark*, 966 F.2d at 1320; *see also Parklane Hosiery, Co., Inc.,* 439 U.S at 324-25.

The current action, and the associated issue of whether Johnson has exhausted his administrative remedies, is virtually identical to the first.  In his first action, Johnson alleged that on July 21, 2005, while he was serving in his capacity as a "Mac Rep," Defendant Darr, accompanied by two other officers, "order[ed] the D1 Tower officer to open [Hispanic] cells," causing eight Hispanic inmates, incited by racial tension, to rush out and attack him. (First Compl., at 3, 5.)[2/]  Similarly, Johnson claims in his current action that on July 21, 2005, "Captain Darr ordered the control tower to go ahead and start the Hispanics [sic] showers," at which point eight Hispanics exited their cells and "attacked [Johnson] from behind," knocking him unconscious.  (Current Compl. at C-3-4.)   In short, Johnson again claims that Darr ordered Hispanic inmates to be released with the knowledge that they would assault Johnson in the aftermath of a race riot.  (*Id.* at C-7; First Compl. at 5-6.)  Johnson states in his current complaint that only he, the Hispanic inmates, Darr, two correctional officers, and one control tower officer were present during the incident, all of whom were also identified in his first complaint.  (First Compl. at 3, Current Compl. at C-3-4.)

No additional plaintiffs, defendants or witnesses were named in the current action.  Like the first action, Johnson filed the current action solely against Captain Darr, in which he describes the incident of July 21, 2005 exactly as it was detailed in his first action.  The current ///

---

2. "First Complaint" refers to Johnson's previous complaint, filed on June 14, 2006, in case number 06-CV-01257-JAH (POR). "Current Complaint" refers to Johnson's current complaint, filed January 14, 2008 in case number 08-CV-0080-DMS (POR).

1    action involves the same parties, witnesses and evidence as Johnson's first action.  Thus, his two

2    Eighth Amendment claims are virtually identical.

3          On the issue of exhaustion, Johnson argued in his first action that he attempted to submit

4    his appeal for a third-level review before filing his lawsuit, but that his appeal was rejected.

5    (First Compl. 6.)  Defendant Darr proved that Johnson's appeal was appropriately rejected and

6    returned because he failed to attach his second-level response when he submitted it for a third-

7    level review.  Johnson then refused to correct and resubmit his appeal, and instead filed suit.

8    Based on those findings, this Court dismissed Johnson's first action for failure to exhaust

9    administrative remedies.

10         In his current action, Johnson again alleges that "the final level [of review] refuse[d] to

11   address" his complaint, and that he waited several months for a response before filing his first

12   lawsuit.  (Current Compl., 6.)  His current action includes no further allegations related to

13   exhaustion of administrative remedies that might distinguish it from the first, which was duly

14   considered and rejected by this Court.  Therefore, both Johnson's Eighth Amendment claim and

15   the associated issue of whether he exhausted are identical in substance to his first action.  *See*

16   *Clark v. Mason*, No. C04-1647C, 2005 WL 1189577, at *4 (W.D. Wash. May 19, 2005)

17   (subsequent complaint alleging exhaustion of administrative remedies found to be identical to

18   previously dismissed complaint, and therefore barred by collateral estoppel).

19   **C.    Johnson had a Full and Fair Opportunity to Litigate the Exhaustion Issue
         in the First Action.**

20

21         Collateral estoppel will bar a subsequent action if the party against whom it is being

22   asserted had "'a fair opportunity procedurally, substantively and evidentially to pursue his claim

23   the first time.'"  *Blonder-Tongue Laboratories v. University of Illinois Foundation et al.*, 402

24   U.S. 313, 333 (1971) (quoting *Eisel v. Columbia Packing Co.*, 181 F.Supp. 298, 301 (Mass.

25   1960)).  An issue has been fully litigated where "the parties had both a full opportunity and the

26   incentive to contest the point at issue."  *Dodd v. Hood River County*, 136 F.3d 1219, 1224 (9th

27   Cir. 1998).

28   *///*

08-CV-0080-DMS (POR)

1    Johnson had a full and fair opportunity to litigate the issue of whether he exhausted

2  administrative remedies in his first lawsuit.  On December 4, 2006, Defendant Darr moved to

3  dismiss Johnson's first action on the grounds that Johnson failed to exhaust administrative

4  remedies.  Johnson filed an opposition on January 4, 2007, alleging that he attempted to pursue

5  his appeal through the third level of review but that it had been rejected.  He made no mention of

6  the third level's instructions to attach his second-level response and resubmit his appeal if

7  unsatisfied with their decision.  On August 10, 2007, this Court rejected Johnson's opposition

8  and issued a Report and Recommendation (R&R) to grant Defendant's motion, finding that "the

9  evidence offered by Defendant supports a finding that Plaintiff did not correct the deficiency and

10  re-submit [his] appeal for consideration at the Third Level of Review."  (R&R at 10:17-19, *see*

11  Def.'s Req. for Judicial Not., Ex. B.)

12    Johnson was then given the opportunity to object to the R&R.  He filed an objection on

13  August 27, 2007, where he presented no additional evidence and made "only general objections

14  to the magistrate judge's report."  (Order Adopting R&R at 4, *see* Def.'s Req. for Judicial Not.,

15  Ex. C)  His objections were subsequently overruled by this Court, and the R&R was adopted in

16  full, resulting in the dismissal of Johnson's first Eighth Amendment action without prejudice.

17    Johnson had two opportunities to present evidence to rebut Defendant's contention that

18  he failed to exhaust.  He availed himself of both, and in each case, his contentions were rejected.

19  Further, Johnson had the ultimate incentive to prove that he had exhausted, knowing that his

20  claim would be dismissed without this required showing.

21  **D.    The Exhaustion Issue was Critical and Necessary to the First Decision.**

22    This Court explicitly dismissed Plaintiff's previous lawsuit on the basis that he failed to

23  exhaust administrative remedies before filing suit.  (R&R at 11:2-6, *see* Def.'s Req. for Judicial

24  Not., Ex. B.)  The judgment of dismissal was based solely on Johnson's failure to exhaust his

25  administrative remedies.  No other grounds for dismissal were cited by the court.  Accordingly,

26  the issue of failure to exhaust was "critical and necessary" to that decision.  *See Clark,* No. C04-

27  1647C, 2005 WL 1189577, at *4 (determination of failure to exhaust found to be critical and

28  necessary where previous claim was dismissed on that basis).  As a result, Johnson is collaterally

1   estopped from religitating this Court's previous finding that he failed to fully exhaust

2   administrative remedies before filing his first action. The issue then, is whether or not Johnson

3   cured the defect by fully exhausting the prison's administrative remedies before filing his current

4   action. If not, like the first action, the current action is subject to dismissal for failure to exhaust.

5

6                                      **II.**

7   **THIS COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT BECAUSE HE FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES AFTER THIS COURT DISMISSED THE FIRST ACTION**

8

9          This Court previously found that Plaintiff had administratively appealed the incident

10  complained of through the second level, but that he did not completely exhaust his

11  administrative remedies through the third (Director's) and final level. The Court, therefore,

12  dismissed the complaint without prejudice. In his current action, however, the evidence shows

13  that Johnson did not exhaust his administrative remedies after his first action was dismissed.

14  Therefore, his Complaint must be dismissed for failure to exhaust.

15  **A.     The Prison Litigation Reform Act of 1995 Requires All Prisoners to Exhaust the State's Administrative Remedies Before Filing Suit.**

16

17         The PLRA requires all prisoners to exhaust a state's administrative remedies before filing

18  suit. "There is no question that exhaustion is mandatory under the PLRA and that unexhausted

19  claims cannot be brought in court." *Jones v. Bock*, 127 S. Ct. 910, 918-19 (2007) (citing *Porter*

20  *v. Nussle*, 534 U.S. 516, 524 (2002)); *see also Booth v. Churner*, 532 U.S. 731, 739 (2001). As

21  the Supreme Court explained in *Booth*, when Congress amended section 1997e(a) in 1995, "the

22  amendments eliminated . . . the discretion to dispense with administrative exhaustion." *Booth,*

23  532 U.S. at 739. The Court also "stress[ed] the point . . . that [it] will not read futility or other

24  exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Id.*

25  at 741 n.6. "There is no question that exhaustion is mandatory under the PLRA and that

26  unexhausted claims cannot be brought in court." *Jones,* 127 S. Ct. at 919.

27         The Supreme Court has held that a prisoner must *properly* exhaust all available

28  administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006). Proper exhaustion

1    requires the prisoner to follow each step of the administrative process.  *Id.*; *Jones*, 127 S. Ct. at

2    922-23 ("...it is the prison's requirements, not the PLRA, that define the boundaries of proper

3    exhaustion.")  The Court reasoned that any other interpretation of the PLRA would render the

4    exhaustion requirement "toothless," *Woodford*, 548 U.S. at 95, and would allow the prisoner to

5    circumvent the exhaustion requirement's two main goals: giving the agency an opportunity to

6    correct its own mistakes before being haled into federal court, and resolving claims

7    administratively or, at a minimum, producing a useful record for judicial review.  *Id.* at 89.

8    Failure to exhaust administrative remedies before filing suit requires the Court to dismiss the

9    Complaint without prejudice and without leave to amend.  *Vaden v. Summerhill*, 449 F.3d 1047,

10    1051 (9th Cir. 2006); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

11    **B.    California Law Requires Inmates to Submit a Written Grievance Through
              Four Levels of Review to Exhaust their Administrative Remedies.**

12

13           The administrative appeal system for California inmates is described in Title 15 of the

14    California Code of Regulations.  *See* Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.  Inmates may

15    "appeal any departmental decision, action, condition, or policy which they can demonstrate as

16    having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  An inmate

17    wishing to exhaust his or her remedies must complete four steps:  (1) prepare a CDC form 602

18    within 15 days of the event complained of, present it to the involved prison official, and attempt

19    informal resolution; (2) if dissatisfied, the inmate must file for and receive a first-formal-level

20    decision; (3) if still dissatisfied, the inmate must file for and receive a second-formal-level

21    decision; and, (4) finally, to fully exhaust, the inmate must file for and receive a third-formal-

22    level decision from the Director of Corrections.  Cal. Code Regs. tit. 15, §§ 3084.5, 3084.6(c);

23    *Woodford*, 581 U.S. at 85-86.

24           In certain circumstances, the informal and first-formal level of review may be bypassed.

25    *Id.* at §§ 3084.5(a)(3), 3084.5(b)(1)-(4).  For all grievances, however, the administrative process

26    is completed, or exhausted, only after the inmate receives a decision from the Director of

27    Corrections.  *Woodford*, 581 U.S. at 86; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237-38 (S.D. Cal.

28    1997).

08-CV-0080-DMS (POR)

**C.    This Court Should Dismiss the Complaint Because Johnson Failed to Exhaust his Administrative Remedies After his First Action was Dismissed.**

Plaintiff failed to completely exhaust his administrative remedies. Therefore, on December 13, 2007, this Court dismissed Plaintiff's first action without prejudice.  Plaintiff has now filed a second Eighth Amendment action.  Because Johnson is collaterally estopped from relitigating the issue of whether he exhausted available administrative remedies before filing his first action, unless Johnson cured the defect and exhausted his administrative remedies by the time he filed his current action, this action is likewise barred by the PLRA.  In other words, the Complaint is subject to dismissal unless Johnson received a third-level review of his appeal before filing his Complaint on January 14, 2008.

Johnson did not exhaust his administrative remedies because Johnson has not received a third-level review regarding the July 2005 incident.  The evidence continues to show that no appeal has been received at the third level regarding the basis of his Complaint. (Emigh Decl. at ¶¶ 9, 10.)  Because Johnson once again failed to properly exhaust his administrative remedies through the third level, the Complaint is barred by the PLRA and should be dismissed.

///
///
///
///
///
///
///
///
///
///
///
///
///

**III.**
**THIS COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT**
**AS FRIVOLOUS BECAUSE IT LACKS AN ARGUABLE BASIS**
**IN LAW**

Section 1915(g) of the PLRA denies prisoners *in forma pauperis* status to file lawsuits when they have previously had three or more actions dismissed as "strikes." 28 U.S.C. § 1915(g). A "strike" is any lawsuit filed by a prisoner that is dismissed as frivolous or malicious, fails to state a claim, or that is directed at a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(b). The drafters of the "three strikes" provision hoped to reduce the large number of frivolous inmate lawsuits clogging the federal courts and draining limited judicial resources. *Taylor v. Delatoore,* 281 F.3d 844, 849 (9th Cir. 2002). Congress was concerned that prisoners lacked the usual incentives to refrain from filing frivolous suits and indeed would be motivated to do so even if only to take a "short sabbatical in the nearest federal courthouse." *Cruz v. Beto*, 405 U.S. 319, 327 (1972). To combat this problem, the PLRA aimed to discourage the filing of frivolous lawsuits "that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). By threatening prisoners with the loss of the right to file suit *in forma pauperis*, Congress hoped to create a powerful deterrent to the filing of frivolous actions.

Section 1915 provides no definition for the term "frivolous," instead granting Federal Courts the discretion to dismiss an *in forma pauperis* complaint "if satisfied that the action is frivolous." 28 U.S.C. § 1915(g). In *Andrews v. King*, however, the Ninth Circuit provided guidance, noting that "a case is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Andrews v. King,* 398 F.3d 1113, 1121 (9th Cir. 2005) (quoting *Webster's Third New International Dictionary* 913 (1993) and citing *Goland v. United States*, 903 F.2d 1247, 1258 (9th Cir. 1990)); *see also Neitzke,* 490 U.S. at 325 (a complaint is "frivolous where it lacks an *arguable* basis either in law or in fact") (emphasis added). Johnson's complaint should be dismissed as frivolous for the purposes of the "three strikes" provision of the PLRA because it lacks an arguable basis in law.

A.    **This Court Should Dismiss the Complaint Because it has No Arguable Basis in Law.**

A complaint lacks an arguable basis in law when the plaintiff pleads no set of facts that "would entitle him or her to relief" under any **cognizable legal theory.** *Williams v. Faulkner*, 837 F.2 304, 307 (1988). The Ninth Circuit has found that claims clearly precluded by collateral estoppel lack an arguable basis in law and should be dismissed as frivolous. *See Shapley v. Nevada Bd. of State Prison Com'rs,* 766 F.2d 404 (9th Cir. 1985) (application of collateral estoppel to second action rendered second action frivolous). Other courts have also held that an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be dismissed as frivolous. *See, e.g., Neitzke*, 490 U.S. at 324 (stating that section 1915 "is aimed at the dismissal of ''frivolous, malicious, or *repetitive* lawsuits.") (emphasis added); *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir.1988) (appeal dismissed as frivolous "because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit."); *Davis v. Bacon*, 234 Fed. Appx. 872, 873 (10th Cir. 2007) (complaint dismissed as frivolous because it "substantially mirror[ed]" a previous complaint dismissed for failure to state a claim).

Johnson is collaterally estopped from raising the issue of exhaustion in his current action as outlined above. Through his first action, Johnson was aware that his Complaint against Defendant Darr was barred by the PLRA because of his failure to exhaust administrative remedies. When his first action was denied without prejudice, Johnson knew that he could re-file his action only if his appeal was reviewed at the third level, completing the administrative process. Although he failed to exhaust his administrative remedies after his first action was dismissed, he nevertheless filed an identical second action. No set of facts would entitle Johnson to relief because he cannot relitigate the issue of whether he exhausted administrative remedies before filing his first action, and the evidence shows that he failed to receive a third-level review of his appeal before filing his current action. Therefore, the current action lacks an arguable basis in law. As such, this Court should dismiss it as frivolous.

**B.**     **This Court Should Dismiss the Complaint as a "Strike" to Deter the Re-Filing of Identical Suits.**

Allowing inmates to re-file identical lawsuits with no associated threat that they will count as "strikes" upon dismissal would frustrate the purposes of the PLRA.  Without the threat of losing *in forma pauperis* status, inmates could continue to file identical lawsuits when unhappy with a court's initial decision in the hopes of reaching a different outcome.  As a result, courts would be forced to waste valuable time and resources reconsidering previously litigated claims.  Further, dismissing Johnson's identical second suit as frivolous conforms with Congress' goal of "assur[ing] equality of consideration for all litigants," because his claims were already considered and rejected in his first action.  *Neitzke*, 490 U.S. at 329.  To prevent further clogging of the courts and draining of judicial resources, the PLRA demands that Johnson's second identical action be dismissed as frivolous and count as a "strike" under section 1915(g)

///
///
///
///
///
///
///
///
///
///
///
///
///

**CONCLUSION**

Johnson's claim should be dismissed because he failed — a second time — to exhaust his administrative remedies before filing his suit.  Moreover, Johnson is collaterally estopped from relitigating the issue as to whether he exhausted his administrative remedies before filing his first action.  Because he failed to cure the defect of his first action, his current action is likewise barred by the PLRA.  Finally, Johnson knew that his claim was barred unless he obtained a third-level review of his appeal.  He failed to obtain such a review, yet he filed this identical action anyway.  The Complaint, therefore, is frivolous and its dismissal should count as a "strike" under the PLRA.

Dated:  July 16, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Acting Senior Assistant Attorney General
MICHELLE DES JARDINS
Supervising Deputy Attorney General

/s/Phillip Lindsay

PHILLIP LINDSAY
Deputy Attorney General
Attorneys for Defendants R. Darr

08-CV-0080-DMS (POR)

15

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Johnson, Matthew L. v. Darr**

No.:    **08CV0080 DMS POR**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266.

On July 18, 2008, I served the attached **DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Diego, California, addressed as follows:

Matthew L. Johnson
D-33369
California Training Facility
DW-315 UP
CTF Central
P.O. Box 689
Soledad, CA 93960

In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 18, 2008, at San Diego, California.

| K. Alvarez | |
| --- | --- |
| Declarant | Signature |

70130650.wpd