1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST
   Acting Senior Assistant Attorney General
4  MICHELLE DES JARDINS
   Supervising Deputy Attorney General
5  PHILLIP LINDSAY, State Bar No. 204444
   Deputy Attorney General
6    110 West A Street, Suite 1100
     San Diego, CA 92101
7    P.O. Box 85266
     San Diego, CA 92186-5266
8    Telephone: (619) 645-3134
     Fax: (619) 645-2581
9    Email: Phillip.Lindsay@doj.ca.gov

10  Attorneys for Defendant R. Darr

11

12           IN THE UNITED STATES DISTRICT COURT

13        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

15  **MATTHEW L. JOHNSON,**              08-CV-0080-DMS (POR)

16                        Plaintiff,     **DEFENDANT'S REQUEST FOR
                                          JUDICIAL NOTICE**
17           v.
                                         Hearing:      August 28, 2008
18  **DARR,**                            Time:         2:00 p.m.
                                         Courtroom:    H
19                             .         Judge:        The Honorable
                                                       Louisa S. Porter
20

21        Under Federal Rule of Evidence 201 and *Lee v. City of Los Angeles*, 250 F.3d 668,

22  688-89 (9th Cir. 2001) (court may take judicial notice of matters of public record), Defendant

23  requests the Court to take judicial notice of the Court's file in *Johnson v. Darr*, case no. 06-CV-

24  01257-JAH (POR), including the pleadings and orders listed below and attached hereto:

25        Exhibit A:    Complaint filed June 14, 2006 (exhibits to complaint not attached);

26        Exhibit B:    Report and Recommendation, filed August 10, 2007;

27        Exhibit C:    Order adopting Report and Recommendation, filed December 13, 2007;

28  ///

---

Def.'s Request for Judicial Notice                    Case No. 08-CV-0080-DMS (POR)

1        Exhibit D:     Judgment, entered December 13, 2007

2      Dated:  July 16, 2008

3                  Respectfully submitted,

4                   EDMUND G. BROWN JR.
                     Attorney General of the State of California

5                   DAVID S. CHANEY
                     Chief Assistant Attorney General
6

7                   ROCHELLE C. EAST
                     Acting Senior Assistant Attorney General

8                   MICHELLE DES JARDINS
                     Supervising Deputy Attorney General

9

10                  /s/Phillip Lindsay
                     PHILLIP LINDSAY

11                   Deputy Attorney General
                     Attorneys for Defendant

12

13
    70130462.wpd

14    SD2008700481

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Johnson v. Darr**
**United States District Court Case No. 08-CV-0080-DMS (POR)**


**Exhibit A:**


**Complaint filed June 14, 2006, in case no. 06-CV-01257-JAH (POR)**

MATTHEW L. JOHNSON
(Name)
DW-114UP / P.O. BOX 689
(Address)
Soledad, CA. 93960
(City, State, Zip)
D-33369
(CDC Inmate No.)



FILED

JUN 14 2006

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# United States District Court
## Southern District of California

MATTHEW LOUIS JOHNSON,
(Enter full name of plaintiff in this action.)

           Plaintiff,

v.

(A) CAPTAIN, MR. DARR,
_____,
_____,
_____,
(Enter full name of each defendant in this action.)

           Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

06CV 1257  JAH(PUR)

Civil Case No. _____
(To be supplied by Court Clerk)

Complaint under the
Civil Rights Act
42 U.S.C. § 1983

| 2254 | 1983 ✓ |
|---|---|
| FILING FEE PAID | |
| Yes____ | No ✓ |
| IFP MOTION FILED | |
| Yes ✓ | No____ |
| COPIES SENT TO | |
| Court____ | ProSe____ |

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

_____

## B. Parties

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, MATTHEW L. JOHNSON
(print Plaintiff's name)
_____, who presently resides at DW/114UP - P.O. BOX 689
(mailing address or place of confinement)
Soledad, Ca. 93960 _____, were violated by the actions
of the below named individuals. The actions were directed against Plaintiff at Centinela
State Prison, Imperial, CA. on (dates) 7-21-05, _____, and _____.
(institution/place where violation occurred)  92251       (Count 1)   (Count 2)   (Count 3)

§ 1983 SD Form
(Rev. 2/05)

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant *(A) CAPTIAN/MR. DARR* resides in *IMPERIAL, CA. C.S.P.*,
              (name)                               (County of residence)
and is employed as a *ACTING CAPTIAN*. This defendant is sued in
                            (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: *BY INFLICTING CRUEL AND UNUSUAL PUNISH-*
*MENT ON PETITIONER AND VIOLATING HIS U.S. CONST.*
*RIGHTS, 4th, 5th, 8th, 9th & 14th AMENDMENTS.*

Defendant _____ resides in _____,
                    (name)                      (County of residence)
and is employed as a _____. This defendant is sued in
                            (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _____

_____

_____

Defendant _____ resides in _____,
                    (name)                      (County of residence)
and is employed as a _____. This defendant is sued in
                            (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _____

_____

_____

Defendant _____ resides in _____,
                    (name)                      (County of residence)
and is employed as a _____. This defendant is sued in
                            (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _____

_____

_____

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: *PLACED PETITIONER'S LIFE*

*(E.g., right to medical care, access to courts,*

*IN DANGER VINDICTIVELY-CRUEL AND UNUSUAL PUNISHMENT*.

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

*PLEASE SEE ATTACHED BRIEF, THERE'S NOT*

*ENOUGH ROOM ON THIS PAGE.*

<u>Count 2</u>:  The following civil right has been violated: _____

(E.g., right to medical care, access to courts,

_____
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>:  [Include all facts you consider important to Count 2.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

<u>Count 3</u>:  The following civil right has been violated:_____

(E.g., right to medical care, access to courts,

_____

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>:   [Include all facts you consider important to Count 3.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? (X Yes) ☐ No.

If your answer is "Yes", describe each suit in the space below.  [If more than one, attach additional pages providing the same information as below.]

(a)  Parties to the previous lawsuit:
Plaintiffs: _____ MATTHEW LOUIS JOHNSON _____

Defendants: C/o A. DIAZ _____

(b)  Name of the court and docket number: U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CA. CIVIL NO. 01CV0259-BTM (POR)

(c)  Disposition: [ For example, was the case dismissed, appealed, or still pending?] THE CASE
WAS DISPOSITIONED.

(d)  Issues raised: DESTRUCTION OF LEGAL MATERIALS.

(e)  Approximate date case was filed: IN COURT - 3/2001 .

(f)  Approximate date of disposition: EXZACT DATE - 4/22/02 .

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? X Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.   If your answer is "No", briefly explain why administrative relief was not sought.
ON A 602 APPEAL'S FORM, IT HAS BEEN DENIED THR-
OUGHOUT THE C.D.C. SYSTEM, AND THE FINAL
LEVEL, THE DIRECTOR'S OFFICE HAS FAILED TO
RESPOND AND ATTEMPT TO DEPRIVE PETITION-
ER ACCESS TO COURT AND A SPEEDY TRIAL.

## E. Request for Relief

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s): *(A) CAPTIAN MR. DARR, AND THE C.D.C. SYSTEM FROM CONTIUEING ACT'S OF REPRISAL'S AGAIST HIM THROUGHOUT HIS INCARCERATION PERIOD.*

2. Damages in the sum of $ *1,000,000*.

3. Punitive damages in the sum of $ *1,500,000*.

4. Other:_____

_____

## F. Demand for Jury Trial

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

## G. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.          **OR**          ☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

*8/30/06*
Date

*Matthew L. Johnson*
Signature of Plaintiff

COUNT I: PERSONAL INJURY SUIT OF THE CIVIL RIGHT ACTON A INMATE THAT WAS CAUSED BY AN PRISON OFFICIAL/GOVERNMENT EMPLOYEE.    :SUPPORTING FACTS:

On January 5, 2003, STG. MR. DARR, alone with several other officer's came and vindictively Ramsacked Petitioner's cell and confuscated numarious personal items wile Petitioner was handcuffed from a lockdown of D-Facility, Petitioner's cell was the Only cell that was searched by these officer's, STG. MR. DARR was the officer in charged of this search, a hole nother sheft searched the remaining cells on that Facility.

Petitioner submitted a 602 complaint form, log # CEN-D-03-0175, and also submitted a letter to the DISTRICT COURT, SOUTHERN DISTRICT, TO HON. JUDGE L. PORTER, To Inform her of the act, based upon, Petitioner had Dispositioned a case against staff member's at the same Facility infront of HON. JUDGE L. PORTER months prior to this Reprisal act, and on January 24, 2003, Petitioner was called to D-Facility program office, and again, the officer, STG. MR. DARR admitted guilt, and Petitioner was compensated with a 13 inch Color T.V. By Captain Colderon to drop the complaint against Stg. MR. DARR, STG. DARK was later moved to another Facility.

(1).

On about March of 2005, MR. DARR
was Re-assigned back to D-Facility, BUT,
only this time, as a Higher Ranked
officer, a LT. And Petitioner then
wrote and Informed the Warden,
G.J. GUIRBINO, THE DIRECTOR OF CORREC-
TIONS in Sacramento, and the Federal
Prosecutor MR. N. PAUL of this officer's
Misconduct, and on JULY 17, 2005,
a Racial Riot took place in D-Facility Dinn-
ing hall, Blacks against Hispanics, and on
7-19-05, LT. DARR was now Acting Captain
on D-Facility, and he called petitioner
and (3) other Inmates to the program
oFFice under escort and handcuffs,
all Inmates that were called were
Mac Reps. of D-Facility, Captain DARR
then Informed all (4) Mac Reps, (2) Blacks,
including myself, and (2) Hispanics, that
the Blacks won the Riot, Petitioner res-
ponded, that wasen't very professional
Captain, DARR responded, (o well),
this statement was witnessed by
STG. Zamora 2nd Watch and % Hubson
on D-Facility, and he then ordered
all Mac Reps. back to there Cells.
    On July 21, 2005, all Mac Reps were
again called back to the program
oFFice by Captain DARR, and when
we arrived, he stated varbatim,
(HAY GUYS, WE ARE GOING TO GO TO ALL
THE BUILDINGS AND TALK TO THE

(2).

INMATES IN THEIR CELLS, BUT WE ARE
GOING TO SPLIT UP INTO ② GROUPS,
STG. ZAMORA YOU TAKE THOSE ③ INMATES
AND START AT BUILDING ⑤, AND ME
AND JOHNSON WILL START AT BUILDING
① AND WE WILL MEET UP AT BUILD—
ING ③, everyone complyed, and when
Petitioner and Captain DARR arrived
at Building ①, all Inmates were
locked in their cells, Petitioner was
the only Inmate out, at the potiam
on the floor, it was ② other officers
and ① in the Control tower to
ensure Petitioner's safety, Petitioner
begun going cell to cell talking to all
the Inmates, trying to resolve the
Racial tention that was very high
as the Riot was only days prior to
this, Captain DARR stood and talked
to the Control officer in the
tower, as Petitioner reached A-section,
which was the last Black cell on the
uper, teir, ④ Hispanic cell's were
opened all at the same time, and
⑧ Hispanics came out at once,
Petitioner was Savagly attacked,
and loose Concious, when Petitioner
realized what was going on, he was
being handcuffed by several officers,
Petitioner was taken to D-Facility
M.T.A. and the M.T.A. Informed
the officer's that Petitioner needed

③

steches in his lip and head, Petitioner was then taken to the D-Facility program office, were Captain DARR approched Petitioner with a smile on his face and stated Varbatim, (WoW JohNSoN, I'M SORRY ABOUT THAT), And left Petitioner in handcuffs in the program office until the GooN Squad/Investigation Squad came and took pictures of Petitioner, %o Ms. Salazar took the Photos of Petitioner, Petitioner was then taken to the Health Clinic and recieved the steches, as his teeth was Knocked throw, his lip. Captain DARR who was incharged of D-Facility and of that Situation, ordered Petitioner to the hole/Ad-seq, Claiming Petitioner is now a threat to the safety and Security of that Institu-tion, and on July 28, 05, ICC con-Firmed and excepted Captain DARR Recommendation, and told Petitioner he would remain in Ad-seq Pending transfer, and on 8/10/05, Petitioner was given his legal Materials wile still in Ad-seq, Petitioner was fully deprived of all other, personal property, Petitioner then filed his Complaint against Captain DARR, during Petitioner's Stay in Ad-seq, Petitioner was tonted by Centinela Staff members, and on August of 2005, Petitioner was Inter-viewed by M.D. LISSAUR, and was

(4)

Perscribed Meds to help him sleep,
Zyprexa, and on August 11, 2005,
Petitioner was took back to ICC,
and put up for transfer per Heat
Med's. the Chair person of the comm—
ittee was MS. R. HOUSTON A.W.
    This officer Captain DARR not only
acted unprofessional and broke his
ethnic code of Duty By the C.D.C.
system by ordering the D1-Tower
officer to open those cells, he also
Breached Petitioner's Constitutional Right
to be Reframed from Cruel and Unusual
Punishment, and remain from acts of
Reprisal's, Petitioner is now lobled by a
Medical Doctor as Paranoied and Skitso
Faanic, and remain under Doctor's care
here at C.T.F. Soledad State Prison.
See attached exhibits.
    This officer also Comitted a felony
offense, (ACCESSARY to a BATTERY on a
Inmate, Which Could have resulted in
a Death, his action has not only Viol—
ated Petitioner's California and
U.S. Constitutional Rights that's
guaranteed by the U.S. Constitution,
California Const. Article 1, section I;
Article 7, section(d); In re Ferguson,
(1971) 5 Cal. 3d. 523, 531); People v. Hill,
(1998) 17 Cal. 4th 800, 845); U.S. Const.
4th, 5th, 8th, 9th, and 14th Amendment.
Whitley v. ALBERS, (1986) 475 U.S. 312,

106 S.Ct. 1678, 89 L.Ed. 2d. 251;
Turner V. Safley, (1987) 482 U.S.-, 107
S.Ct. 2254, 96 L.Ed. 2d. 64; Daniels
V. Williams, (1986) 474 U.S. 327, 106
S.Ct. 662, 88 L.Ed. 2d. 662. Civil
Procedures, section 340 (3) ACCESSARY
to a ASSAULT and BATTERY. C.D.C.
Title 15, Section 3190. Part (a).
section 3193 Liability, Part (b).
This officer has breached his Contract
with the C.D.C. System, which is
to act Professional at all times,
and to protect and to serve as a
Government agent, it is also well
seddled that if an Inmate can prove
that an officer has endangered an
Inmate life within the System he
or she MUST be Released from
custody forthwith. see, Weems V.
U.S. (1909) 217 U.S. 349 [30 s.ct. 544,
54 L.Ed. 793.]; Arizona v. Youngblood,
(1988) 488 U.s. 51-58); In this Case,
it is well proven. Petitioner wishes
also to have LT. Granish called as
a witness at Centinela State Prison,
as he also approched petitioner
the day of the incident and infor—
med Petitioner that he had been
Called in from home by the warden
to clean up Captain DARR mess.
  Petitioner exhausted all his administ—
rative remedies, and submitted this

(6)

Complaint to the final level in Sacro-
mento, it stayed there for 7 mon-
ths until Petitioner requested a
responce, then he recieved a respo-
nce proclaiming he didn't give the
2nd level the chance to Respond,
which was untrue, please see attach-
ed exhibit, that was only an attempt
to continue to deny Petitioner of
his right to a speedy trial, Petitioner
is now Submitting this Report to
this Hon. Court with a PRAYER of
Reliefe.

### :Final Conclusion.°

Contain within this Petition is
Clearly an act of bad faith by the
C.D.C. System, and therefore Petit-
ioner Pray this Hon. Court grant
Relief in the Sum of requested,
$2,500,000, aswell as to order Petit-
ioner's release forthwith to ensure
his safety from further acts of
Reprisal's.

Respectfully Submitted,

Petitioner
Pro se MAtthew L. Johnson
Matthew L. johnson.
Dated: 5/30/08

⑦

**Johnson v. Darr**
**United States District Court Case No. 08-CV-0080-DMS (POR)**


**Exhibit B:**


**Report and Recommendation filed August 10, 2007, in case no.**
**06-CV-01257-JAH (POR)**

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                             SOUTHERN DISTRICT OF CALIFORNIA

10   MATTHEW L. JOHNSON,                          Civil No.    06cv1257-JAH (POR)

11                              Plaintiff,        **REPORT AND RECOMMENDATION
                                                  GRANTING DEFENDANT'S MOTION
12              v.                                TO DISMISS**

13   CORRECTIONAL CAPTAIN DARR,                   **[Doc. No. 7]**

14                              Defendant.

15                               **I. INTRODUCTION**

16        On June 14, 2006, Plaintiff Matthew L. Johnson, a state prisoner proceeding *pro se*, filed a

17   civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendant Correctional Captain Darr

18   [Doc. No. 1].  Plaintiff sues Defendant in his individual capacity.  (Complaint at 2.)  Plaintiff

19   contends Defendant violated his Fourth, Fifth, Eighth, Ninth and Fourteenth Amendment rights of

20   the United States Constitution and Article 1, section 7, paragraph (a) of the California Constitution.[1]

21   (Complaint at 2; Complaint's Count 1 at 5.)[2]

22

23        [1] Article 1, section 7, paragraph (a) addresses a person's right not to be deprived of life, liberty,
     or property without due process of law or be denied equal protection of the laws.  The Court assumes
24   Plaintiff alleges a violation of Article 1, section 7, paragraph (a) of the California Constitution rather
     than "Article 1, section I and Article 7, section(a)" as stated in his complaint since there is no "section
25   I" under Article 1 and no "section (a)" under Article 7 that is not preceded by a number.  Additionally,
     Plaintiff's claim relates to the deprivation of life in that he alleges Defendant's conduct could have
26   resulted in Plaintiff's death.  (Complaint's Count 1 at 5.)

27        [2] For clarity and convenience, the Court refers to what Plaintiff calls his "attached brief," which
     constitutes his supporting facts for Count 1, as "Complaint's Count 1."  Plaintiff has marked each of the
28   seven pages with page numbers.  The Court utilizes Plaintiff's page designation throughout this Report
     and Recommendation.

                                           - 1 -

1    Defendant filed a Motion to Dismiss Plaintiff's Complaint on December 4, 2006 [Doc. No.

2    7]. ("Def.'s Mot.")  Defendant argues (1) Plaintiff's complaint be dismissed because Plaintiff failed

3    to exhaust administrative remedies; (2) Plaintiff's state law cause of action be dismissed since he

4    failed to allege he timely filed a government tort claim; (3) Plaintiff's Fourth, Fifth, Ninth, and

5    Fourteenth Amendment claims, and California constitutional claim be dismissed under Federal Rule

6    of Civil Procedure 12(b)(6); and (4) Plaintiff's Fifth and Fourteenth Amendment claims be

7    dismissed since they are subsumed into his Eighth Amendment claim.  (Def.'s Mot. at 2, 5-10.)

8    On January 4, 2007, Plaintiff filed an Opposition to Defendant's Motion to Dismiss [Doc.

9    No. 14].

10   After thorough review of the parties' papers and all supporting documents, this Court

11   recommends Defendant's Motion to Dismiss be **GRANTED**.

12   ## II. BACKGROUND

13   On July 17, 2005, a race riot took place at Centinela State Prison (CSP) in Imperial,

14   California, between African-American and Hispanic inmates in facility D.  (Complaint's Count 1 at

15   2.)  On July 21, 2005, Defendant called Plaintiff and three other inmates to the program office.  (Id.)

16   Plaintiff and the three other inmates were "Mac Reps" of facility D.[3]  (Id.)  Defendant informed the

17   Mac Reps that they were going to split up into two groups and talk to the inmates in all of the

18   buildings.  (Id.)  Plaintiff was paired with Defendant and the other three inmates were grouped with

19   Sgt. Zamora.  (Complaint's Count 1 at 3.)

20   According to Plaintiff, when he and Defendant arrived at Building 1, all of the inmates were

21   locked in their cells.  (Id.)  As Plaintiff moved from cell to cell speaking with each inmate,

22   Defendant was in the control tower with the control officer.  (Id.)  When Plaintiff reached the last

23   African-American cell, Plaintiff alleges Defendant ordered the control tower officer to open four

24   Hispanic cells, at which time eight Hispanics exited their cells and attacked Plaintiff.  (Id.)  Plaintiff

25

26   _____

[3] Plaintiff does not define "Mac Reps" in his Complaint.  However, Defendant indicates in his

27   Motion to Dismiss "that the term 'Mac Reps' refers to representatives of the Men's Advisory Counsel."
     Defendant further states, "[a] Men's Advisory Counsel is a body of inmates selected by the general

28   population of inmates to act in an advisory capacity to the Warden, and his or her administrative staff,
     in matters of common interest and concern to the general inmate population and administration. Cal.
     Dep't of Corrections Operations Manual, § 53120.1."

1    received stitches in his lip and head due to the attack.  (Complaint's Count 1 at 4.)

2         Plaintiff further alleges Defendant ordered Plaintiff to be placed in Administrative

3    Segregation, where Plaintiff was informed he would remain pending transfer to another institution.

4    (Id.)

5    **III. DISCUSSION**

6    **A.    Dismissal of Plaintiff's Fourth, Fifth, Ninth, and Fourteenth Amendment Claims**

7         **Pursuant to FED. R. CIV. P. 12(b)(6)**

8         Plaintiff argues Defendant's conduct amounted to cruel and unusual punishment thereby

9    violating his Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment rights.  (Complaint at 2.)

10         Defendant contends Plaintiff's Fourth, Fifth, Ninth, and Fourteenth Amendment claims

11    should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim

12    upon which relief may be granted.  (Def.'s Mot. at 2.)  Defendant further asserts Plaintiff's Fifth and

13    Fourteenth Amendment claims should be dismissed since they are subsumed under his Eighth

14    Amendment claim.  (Id.)

15         Upon thorough review of Plaintiff's claims, the Court recommends that Plaintiff's Fourth,

16    Fifth, Ninth, and Fourteenth Amendment claims be dismissed pursuant to Rule 12(b)(6).  The Court

17    addresses Plaintiff's Eighth Amendment claim in section B.

18         **1.    Standard of Review per FED. R. CIV. P. 12(b)(6)**

19         A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure

20    12(b)(6) tests the legal sufficiency of the claims in the complaint.  A claim cannot be dismissed

21    unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

22    that would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Fidelity

23    Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1435 (9th Cir. 1986);

24    Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  In order to

25    survive a motion to dismiss, a plaintiff must "allege overt acts with some degree of particularity such

26    that his claim is set forth clearly enough to give defendants fair notice of the type of claim being

27    pursued."  Ortez v. Washington County, 88 F.3d 804, 810 (9th Cir. 1996).

28         The court must accept as true all material allegations in the complaint, as well as reasonable

1    inferences to be drawn from them, and must construe the complaint in the light most favorable to the

2    plaintiff. N.L. Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); Parks School of

3    Business, Inc., 51 F.3d at 1484.  The court looks not at whether the plaintiff will "ultimately prevail

4    but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416

5    U.S. 232, 236 (1974); Display Research Laboratories, Inc. v. Telegen Corp., 133 F. Supp. 2d 1170,

6    1173 (N.D. Cal. 2001).

7         Where a plaintiff appears in *propria persona* in a civil rights case, the court must construe

8    the pleadings liberally and afford the plaintiff any benefit of the doubt.  Karim-Panahi v. Los

9    Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  The rule of liberal construction is

10   "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.

11   1992).  In giving liberal interpretation to a *pro se* civil rights complaint, however, the court may not

12   "supply essential elements of claims that were not initially pled." Ivey v. Board of Regents of the

13   University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  Vague or conclusory allegations are not

14   sufficient to withstand a motion to dismiss in civil rights violations.  Id.; see also Jones v.

15   Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations

16   unsupported by facts are insufficient to state a claim under section 1983).  "The plaintiff must allege

17   with at least some degree of particularity overt acts which defendants engaged in that support the

18   plaintiff's claim." Jones, 733 F.2d at 649 (internal quotation omitted).

19        In addition, when resolving a motion to dismiss for failure to state a claim, the court may not

20   generally consider materials outside the pleadings.  Schneider v. California Dep't of Corrections,

21   151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  "The focus of any Rule 12(b)(6) dismissal . . . is the

22   complaint." Id. at 1197 n.1.  However, the court may consider documents or exhibits "whose

23   contents are alleged in a complaint and whose authenticity no party questions." Branch v. Tunnell,

24   14 F.3d 449, 454 (9th Cir. 1994); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555

25   (9th Cir. 1990); Stone v. Writer's Guild of Am. W. Inc., 101 F.3d 1312, 1313-14 (9th Cir. 1996).

26        **2.    Plaintiff's Fourth, Fifth and Fourteenth Amendment Claims**

27        Plaintiff claims Defendant violated his Fourth, Fifth and Fourteenth Amendment rights.

28   (Complaint at 2.)  Defendant argues these claims should be dismissed because (1) Plaintiff fails to

1   allege sufficient facts to support his claims, and (2) Plaintiff's Fifth Amendment and Fourteenth

2   Amendment claims are subsumed under Plaintiff's Eighth Amendment claim. (Def.'s Mot. at 12-

3   13.)

4       Here, Plaintiff fails to allege sufficient facts showing how Defendant's actions resulted in a

5   violation of his Fourth, Fifth and Fourteenth Amendment rights.  Plaintiff's allegations are

6   conclusory in that he merely lists these constitutional rights as being violated without providing facts

7   to support his claim.  Therefore, Plaintiff's claims based on the Fourth, Fifth and Fourteenth

8   Amendments should be dismissed for failure to sufficiently state a claim.

9       Further, Plaintiff's Fourth, Fifth and Fourteenth Amendment claims should be dismissed

10  because his claims can be analyzed under an explicit textual source of rights in the Constitution.

11  "[C]ertain wrongs affect more than a single right and, accordingly, can implicate more than one of

12  the Constitution's commands." Armendariz v. Penman, 75 F.3d 1311, 1320 (9th Cir. 1996).

13  However, the Supreme Court has held that plaintiffs cannot "double up" constitutional claims in this

14  way:  Where a claim can be analyzed under "an explicit textual source" of rights in the Constitution,

15  a court may not also assess the claim under another, "more generalized," source. Graham v. Connor,

16  490 U.S. 386, 394-95 (1989) (analyzing claim under Fourth Amendment but not under substantive

17  due process); see also Hufford v. McEnaney, 249 F.3d 1142, 1151 (9th Cir. 2001) (analyzing claim

18  under First Amendment but not under substantive due process); Armendariz, 75 F.3d at 1319

19  (analyzing claim under Fourth and Fifth Amendments but not under substantive due process).

20      Here, Plaintiff asserts Defendant's conduct amounted to cruel and unusual punishment and

21  has alleged facts to support this claim. (Complaint at 2; Complaint's Count 1 at 5.)  In so alleging,

22  he claims Defendant violated several of his constitutional rights, such as his Fourth, Fifth, Eighth

23  and Fourteenth Amendment rights. (Id.)  However, Plaintiff's complaint can be analyzed solely

24  under the Eighth Amendment since the Fourth, Fifth and Fourteenth Amendments constitute more

25  generalized sources for his claim.  The Eighth Amendment provides an explicit textual source for

26  Plaintiff's claim which states: "Excessive bail shall not be required, nor excessive fines imposed, *nor*

27  *cruel and unusual punishments inflicted*." (emphasis added) U.S. CONST. amend. VIII.  Thus,

28  Plaintiff's Fourth, Fifth and Fourteenth Amendment claims should be dismissed.

1    Because Plaintiff failed to allege sufficient facts to sustain his Fourth, Fifth, and Fourteenth

2    Amendment claims and his claim should be analyzed under the Eighth Amendment, the Court

3    recommends Plaintiff's Fourth, Fifth and Fourteenth Amendment claims be dismissed without

4    prejudice.

5        **3.    Plaintiff's Ninth Amendment Claim**

6        The Supreme Court has repeatedly voiced concern that a section 1983 claim be based on a

7    specific constitutional guarantee.  <u>Daniels v. Williams</u>, 474 U.S. 327, 333 (1986); <u>Parratt v. Taylor</u>,

8    451 U.S. 527, 544 (1981); <u>Paul v. Davis</u>, 424 U.S. 693, 700-01 (1976).  The Ninth Amendment

9    states, "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or

10   disparage others retained by the people." U.S. CONST. amend. IX.  It has been argued that the Ninth

11   Amendment protects rights not enumerated by the first eight Amendments.  See <u>Griswold v.</u>

12   <u>Connecticut</u>, 381 U.S. 479, 486-87 (1965) (Goldberg, J., concurring); <u>Wise v. Bravo</u>, 666 F.2d 1328,

13   1332 (10th Cir. 1981).  Nevertheless, "the Ninth Amendment has never been recognized as

14   independently securing any constitutional right, for purposes of pursuing a civil rights claim."

15   <u>Strandberg v. City of Helena</u>, 791 F.2d 744, 748 (9th Cir. 1986); <u>San Diego County Gun Rights</u>

16   <u>Committee v. Reno</u>, 98 F.3d 1121, 1124-25 (9th Cir. 1996) (internal quotation marks omitted).

17   Since the Ninth Amendment does not confer an independent substantive constitutional right,

18   the Court recommends Plaintiff's Ninth Amendment claim be dismissed with prejudice.

19       **4.    Conclusion**

20       Based on the analysis above, the Court recommends that Defendant's motion to dismiss

21   pursuant to Rule 12(b)(6) be GRANTED as to Plaintiff's Fourth, Fifth, Ninth, and Fourteenth

22   Amendment claims.

23   **B.    Dismissal of Plaintiff's Eighth Amendment Claim Based on Exhaustion**

24       Plaintiff argues Defendant violated his Eighth Amendment right to be free from cruel and

25   unusual punishment when he allegedly ordered certain cells be opened and allowed the inmates of

26   those cells to physically injure Plaintiff.  (Complaint's Count 1 at 3-4.)

27       Defendant claims Plaintiff failed to exhaust available administrative remedies pursuant to 42

28   U.S.C. § 1997e(a) before bringing this suit, and therefore seeks dismissal under the "non-

- 6 -

1 | enumerated" provisions of Federal Rule of Civil Procedure 12(b).

2 |     The Ninth Circuit has held that "failure to exhaust nonjudicial remedies is a matter of

3 | abatement" not going to the merits of the case and is properly raised pursuant to a motion to dismiss,

4 | including a non-enumerated motion under Rule 12(b). See Ritza v. Int'l Longshoremen's &

5 | Warehousemen's Union, 837 F.2d 365, 368-69 (9th Cir. 1988); Wyatt v. Terhune, 315 F.3d 1108,

6 | 1119 (9th Cir. 2003) (finding a non-enumerated motion under Rule 12(b) to be "the proper pretrial

7 | motion for establishing nonexhaustion" of administrative remedies under 42 U.S.C. § 1997e(a)).[4]

8 | Nonexhaustion under § 1997e(a) is an affirmative defense - defendants have the burden of raising

9 | and proving the absence of exhaustion. Jones v. Bock, 549 U.S. ---- 127 S. Ct. 910, 919 (2007);

10 | Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (same); see also Brown v. Valoff, 422 F.3d

11 | 926, 936-37 (9th Cir. 2005) ("[T]here can be no 'absence of exhaustion' unless *some* relief remains

12 | 'available,'" therefore, "a defendant must demonstrate that pertinent relief remained available,

13 | whether at unexhausted levels of the grievance process, or through awaiting the results of the relief

14 | already granted as a result of that process."). However, unlike under Rule 12(b)(6), "[i]n deciding a

15 | motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the

16 | pleadings and decide disputed issues of fact." Id. at 1120 (citing Ritza, 837 F.2d at 369).

17 |     Before the Prison Litigation Reform Act ("PLRA") was enacted on April 26, 1996, prisoners

18 | pursuing civil rights claims under 42 U.S.C. § 1983 were not required to exhaust administrative

19 | remedies before filing suit in federal court. See Patsy v. Bd. of Regents of Florida, 457 U.S. 496,

20 | 516 (1982). The PLRA amended 42 U.S.C. § 1997e(a) to provide however, that "[n]o action shall

21 | be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any

22 | jail, prison or other correctional facility until such administrative remedies as are available are

23 | exhausted." 42 U.S.C. § 1997e(a). "Once within the discretion of the district court, exhaustion in

24 | cases covered by § 1997e(a) is now mandatory." Porter v. Nussle, 534 U.S. 516, 532 (2002). 42

25 | U.S.C. § 1997e(a) has been construed broadly to "afford [ ] corrections officials time and

---

26

27 |     [4] In so finding, the Ninth Circuit also made clear that unlike a motion for summary judgment, "dismissal of an action in the ground of failure to exhaust administrative remedies is not on the merits."

28 | Wyatt, 315 F.3d at 1119 (citation omitted). Thus, if the court finds that the prisoner has failed to exhaust nonjudicial remedies, "the proper remedy is dismissal of the claim without prejudice." Id. (citing Ritza, 837 F.2d at 368 & n.3).

06cv1257

1  opportunity to address complaints internally before allowing the initiation of a federal case, id. at

2  525-26, and to encompass inmate suits about both general circumstances and particular episodes of

3  prison life--including incidents of alleged excessive force. Id. at 532. Finally, "[t]he 'available'

4  'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained," "regardless of

5  the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 738, 741

6  (2001);[5] see also McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (finding that

7  prisoner's civil rights action must be dismissed without prejudice unless prisoner exhausted

8  available administrative remedies *before* he filed suit, even if he fully exhausts while the suit is

9  pending).

10      The prisoner must also comply with the state's "critical procedural rules" governing its

11  administrative grievance or appeals procedure in order to "properly exhaust." See Woodford v.

12  Ngo, __ U.S. __, 126 S.Ct. 2378, 2388 (2006). "[Proper exhaustion] means ... a prisoner must

13  complete the administrative review process in accordance with the applicable procedural rules ... as

14  a precondition to bring[ing] suit in federal court." Id. at 2386. In Woodford, the Supreme Court

15  held that a California prisoner whose grievances were rejected all the way up to the third or

16  "Director's Level" of review based on his failure to comply with CAL. CODE REGS., tit. 15 §

17  3084.5's 15-day time limit for submitting CDC 602 appeals, did not "properly exhaust" and

18  therefore, his claims were subject to dismissal pursuant to 42 U.S.C. § 1997e(a). Id. at 2387-93; cf.

19  Jones v. Stewart, 457 F. Supp. 2d 1131, 1134 (D. Nev. 2006) (reading Woodford to set forth two

20  tests for proper exhaustion: a "merits test" whereby the prisoner's grievance is fully addressed on

21  the merits by the administrative agency and appealed through all the agency's levels, and a

22

-------------------

23      [5] In Booth, the Supreme Court resolved a split among the Circuits as to whether a state prison grievance procedure which is incapable of providing money damages is "available" under section
24  1997e(a) and therefore must be exhausted before the prisoner files federal suit under 42 U.S.C. § 1983 seeking those damages. Looking both to the plain language of the statute and to the legislative history
25  behind the PLRA, the Court held the exhaustion of "available" administrative remedies under § 1997e(a) is required in prison condition cases so long as the "prison administrative process [. . .] could
26  provide some sort of relief on the complaint stated" regardless of whether that process can provide "the remedial action [the] inmate demands." Booth, 532 U.S. at 734, 736. In other words, no matter the
27  specific "form of relief sought and offered through administrative avenues," the prisoner must exhaust his claims through the existing administrative processes, even if he seeks money damages which are not
28  authorized, so long as those procedures have the "authority to provide any relief" or permit prison officials to take "some action in response to the complaint." Id. at 736, 741 nn. 4, 6.

1   "compliance test" whereby the prisoner must comply with all "critical procedural rules," including

2   agency deadlines. If a plaintiff prisoner meets either test, a court will find proper exhaustion. If a

3   defendant can show that the plaintiff failed to meet both the merits and compliance tests, a motion to

4   dismiss for failure to exhaust administrative remedies will be granted).

5          The State of California provides its inmates and parolees the right to appeal administratively

6   "any departmental decision, action, condition or policy perceived by those individuals as adversely

7   affecting their welfare." See CAL.CODE REGS. tit. 15, § 3084.1(a). It also provides its inmates the

8   right to file administrative appeals alleging misconduct by correctional officers. See id. § 3084.1(e).

9   In order to exhaust available administrative remedies within this system, a prisoner must proceed

10  through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602

11  inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level

12  appeal to the Director of the California Department of Corrections. See id. § 3084.5; Brown, 422

13  F.3d at 929-30; see also Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A decision

14  from the Director's Level of review is "not appealable and concludes the inmate's or parolee's

15  departmental administrative remedy," Brown, 422 F.3d at 930 n.2, and, thus, has been found

16  sufficient to satisfy § 1997e(a). See Barry, 985 F. Supp. at 1237-38.

17         In the instant case, Defendant has shown that Plaintiff did not properly exhaust his

18  administrative remedies. See Wyatt, 315 F.3d at 1119 (defendants have the burden of proving non-

19  exhaustion). Specifically, Defendant shows Plaintiff failed to complete the Third Level of Review

20  before bringing this suit.[6] See Brown, 422 F.3d at 936-37; Woodford, __U.S.__, 126 S.Ct. at 2388

21  (prisoner properly exhausts his administrative remedies when he complies with the state's critical

22  procedure rules governing its grievance or appeals procedure).

23         On August 12, 2005, Plaintiff filed his CDC 602 inmate appeal form for review at the First

24

25

26

_____

27         [6] There is no indication in the pleadings whether Plaintiff sought informal resolution prior to
    filing an appeal at the First Level of Review. However, Defendant does not address this stage of the
28  appeal process and argues only that Plaintiff has not exhausted his administrative remedies due to his
    failure to complete the Third Level of Review.

1   Level of Review. (Complaint at Exhibit N-3[7]; Def.'s Mtn. at Exhibit 1.) Plaintiff's appeal was

2   denied on September 28, 2005. (Complaint at Exhibit N-5; Def.'s Mtn. at Exhibit 2.) On January

3   10, 2006, Plaintiff's appeal was denied at the Second Level of Review and was informed that he

4   could appeal this decision to the Director's Level of Review, the Third Level of Review.

5   (Complaint at Exhibit N-6, N-7; Def.'s Mtn. at Exhibit 4.)

6          The Inmate Appeals Branch, which conducts the final review of an appeal, constitutes the

7   Director's Level or Third Level of Review and is the final step of an inmate's administrative remedy

8   process. (Granis Decl. ¶ 4.) In a letter dated May 19, 2006, the Inmate Appeals Branch informed

9   Plaintiff that his appeal documents were being returned to him because the appeal form he submitted

10  did not indicate his appeal had been completed through the Second Level of Review. (Complaint at

11  Exhibit I; Granis Decl. ¶ 8.)

12         Although the May 19, 2006 letter instructed Plaintiff to contact the Appeals Coordinator if he

13  disagreed with the Inmate Appeals Branch's decision and further directed him to contact his

14  assigned counselor, the Appeals Coordinator, or his Parol Agent to help answer any questions he

15  may have about the appeals process, neither Plaintiff nor Defendant allege facts or present evidence

16  demonstrating Plaintiff had taken any of these steps. (Id.)

17         The evidence offered by Defendant supports a finding that Plaintiff did not correct the

18  deficiency and re-submit the appeal for consideration at the Third Level of Review. (Granis Decl.

19  ¶¶ 9-10.) A review of the records by the Inmate Appeals Branch shows "[n]o third level appeals

20  have been accepted for review...from Plaintiff Matthew Johnson, CDCR #D-33369,...against

21  Defendant Lieutenant Darr, pertaining to conspiracy and assault in July 2005." (Granis Decl. ¶ 10.)

22  Additionally, the Appeals Office did not receive "any correspondence or telephone calls from

23  Inmate Matthew Johnson, CDC #D-33369, pertaining to appeal log no. CEN-D-05-01339 [appeal

24  relating to July 21, 2005 incident filed by Plaintiff against Defendant] seeking instructions on how to

25  proceed after his appeal was rejected at the Third Level." (DeGeus Decl. ¶ 7.) Therefore, the Court

26  finds that Defendant has carried his burden of proving non-exhaustion. See Wyatt, 315 F.3d at 1119

27  _____

28      [7] Plaintiff labeled seven pages in the Exhibit portion of his complaint with "N." For clarity and
    convenience, the Court has designated the first page marked with "N" as "N-1" and continued this form
    of identification for the following pages labeled "N" with the next consecutive number.

1   (defendants have the burden of proving non-exhaustion).

2       Plaintiff has not properly exhausted his administrative remedies due to his failure to

3   complete the Third Level of Review as required by CAL. CODE REGS. tit. 15, § 3084.5.  Accordingly,

4   Plaintiff's Eighth Amendment claim is subject to dismissal pursuant to 42 U.S.C. § 1997e(a) and the

5   Court recommends that Plaintiff's Eighth Amendment claim be dismissed without prejudice and

6   without leave to amend the complaint.[8]

7   **C.      Dismissal of Plaintiff's State Law Claim Based on 28 U.S.C. § 1367(c)(3)**

8       Plaintiff argues Defendant not only violated his federal constitutional rights, but he also

9   violated Plaintiff's California constitutional rights provided by Article 1, section 7, paragraph (a).

10  (Complaint's Count 1 at 5.)  Article 1, section 7, paragraph (a) of the California Constitution

11  provides in part that "[a] person may not be deprived of life, liberty, or property without due process

12  of law or denied equal protection of the laws..."  Cal. Const. art. I, § 7(a).  Plaintiff does not explain

13  in his complaint how the rights provided by this provision of the California Constitution have been

14  violated.  Nevertheless, Plaintiff's state law claim should be dismissed, pursuant to 28 U.S.C. §

15  1367(c)(3), since all of Plaintiff's federal claims will be dismissed.

16      The Court has jurisdiction to review Plaintiff's state claims pursuant to 28 U.S.C. § 1367(a).

17  According to 28 U.S.C. § 1367(a), in any civil action in which the district court has original

18  jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action

19  within such original jurisdiction that they form part of the same case or controversy under Article

20  III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists under § 1367(a),

21  retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary."  Acri v.

22  Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).

23      Under 28 U.S.C. § 1367(c)(3), the court has discretion to dismiss state law claims when it

24

---

25      [8] The Ninth Circuit holds that a prisoner must exhaust his administrative remedies before filing any papers with the federal courts.  Vaden v. Summerhill, 449 F.3d 1047 (9th Cir. 2006); McKinney v.
26  Carey, 311 F.3d 1198 (9th Cir. 2002).  In other words, a prisoner cannot exhaust his administrative remedies during the pendency of an action in federal court.  The Court found that the language in §
27  1997e(a) ("no action shall be brought") means that an action is "brought" when the action, i.e., the original Complaint, is first stamped "filed" by the Clerk of the Court.  Thus, amending the complaint
28  at this stage would be futile.

1   has dismissed all of plaintiff's federal claims. "In the usual case in which federal law claims are

2   eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction

3   over the remaining state law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7

4   (1988); Schneider v. TRW, Inc., 938 F.2d 986, 993 (9th Cir. 1991).  The Supreme Court has

5   cautioned that "if the federal claims are dismissed before trial, ... the state claims should be

6   dismissed as well."  United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

7        As previously discussed, the Court recommends that Plaintiff's Fourth, Fifth, Eighth, Ninth,

8   and Fourteenth Amendment claims be dismissed.  Since dismissal of these claims would leave

9   Plaintiff with no other federal claims, Plaintiff's state law claim should be dismissed as well

10  pursuant to 28 U.S.C. § 1367(c)(3).  Accordingly, the Court recommends Plaintiff's state law claim

11  be dismissed without prejudice.

12  **D.     Defendant's Motion to Strike Plaintiff's Prayer for Relief**

13       Plaintiff seeks the following remedies: (1) relief in the amount of $2,500,000; and (2) to be

14  released from custody.  (Complaint's Count 1 at 7.)  As to Plaintiff's prayer to be released from

15  custody, Defendant moves to strike such relief pursuant to Federal Rule of Civil Procedure 12(f).

16  (Def.'s Mot. at 13-14.)

17       Under Rule 12(f), a party may move to strike "from any pleading any insufficient defense or

18  any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).  "[T]he

19  function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise

20  from litigating spurious issues by dispensing with those issues prior to trial."  Sidney-Vinstein v.

21  A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

22       Motions to strike are generally disfavored.  Cairns v. Franklin Mint Co., 24 F. Supp. 2d

23  1013, 1037 (C.D. Cal. 1998).  However, a motion to strike may be granted when "it is clear that the

24  matter to be stricken could have no possible bearing on the subject matter of the litigation."  LeDuc

25  v. Kentucky Central Life Ins. Co., 814 F. Supp. 820, 830 (N.D. Cal. 1992); see also Colaprico v. Sun

26  Microsystems, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

27       "[A] motion to strike may be used to strike any part of the prayer for relief when the damages

28  sought are not recoverable as a matter of law." Bureerong v. Uvawas, 922 F. Supp. 1450, 1479 n.34

- 12 -

06cv1257

1  (N.D. Cal. 1996) (citing Tapley v. Lockwood Green Engineers, Inc., 502 F.2d 559, 560 (8th Cir.

2  1974).

3        Traditionally, plaintiffs who seek to attack the validity or duration of confinement must

4  pursue the exclusive remedy of a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500

5  (1973); Heck v. Humphrey, 512 U.S. 475, 481 (1994).  "[A] prisoner in state custody cannot use a §

6  1983 action to challenge 'the fact or duration of his confinement.'"  Wilkinson v. Dotson, 125 S.Ct.

7  1242, 1245 (U.S. March 7, 2005) (No. 03-287) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489

8  (1973)); see also Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Heck v. Humphrey, 512 U.S. 477,

9  481 (1994); Edwards v. Balisok, 520 U.S. 641, 648 (1997).  "He must seek federal habeas corpus

10  relief (or appropriate state relief) instead."  Wilkinson, 125 S.Ct. at 1245.

11        Here, Plaintiff utilizes his § 1983 complaint to challenge the validity and duration of his

12  confinement by arguing he must be released from custody due to Defendant's alleged constitutional

13  violations.  However, the relief he seeks can only be brought in the form of a writ of habeas corpus,

14  not a § 1983 action.  Accordingly, the Court recommends Defendant's motion to strike Plaintiff's

15  prayer to be released from custody be GRANTED.

## IV. CONCLUSION

17        For the reasons set forth herein, it is recommended that Defendant's motion to dismiss be

18  GRANTED and motion to strike Plaintiff's prayer to be released from custody be GRANTED.  The

19  Court recommends that:

20        (1)    Plaintiff's Fourth, Fifth, and Fourteenth Amendment claims be DISMISSED

21               WITHOUT PREJUDICE pursuant to Rule 12(b)(6).

22        (2)    Plaintiff's Ninth Amendment claim be DISMISSED WITH PREJUDICE pursuant to

23               Rule 12(b)(6).

24        (3)    Plaintiff's Eighth Amendment claim be DISMISSED WITHOUT PREJUDICE and

25               without leave to amend pursuant to § 1997e(a).

26
27        (4)    Plaintiff's state law claim be DISMISSED WITHOUT PREJUDICE pursuant to §

28               1367(c)(3).

06cv1257

1        This Report and Recommendation of the undersigned Magistrate Judge is submitted to the

2    United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)

3    (1994).

4

5        This report and recommendation will be submitted to the United States District Court judge

6    assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Any party may file

7    written objections with the Court and serve a copy on all parties on or before **September 10, 2007**.

8    The document should be captioned "Objections to Report and Recommendation."  Any reply to the

9    objections shall be served and filed no later than ten days after being served with the objections.

10   *The parties are advised that no extensions of time will be granted for purposes of filing objections.*

11   The parties are further advised that failure to file objections within the specified time may waive the

12   right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

13

14

15   DATED:  August 10, 2007

16

17

18                                            LOUISA S PORTER
                                              United States Magistrate Judge

19

20   cc:        The Honorable John A. Houston

21

22                all parties

23

24

25

26

27

28

                 06cv1257

**Johnson v. Darr**
**United States District Court Case No. 08-CV-0080-DMS (POR)**


**Exhibit C:**


**Order Adopting Report and Recommendation filed December
13, 2007, in case no. 06-CV-01257-JAH (POR)**

1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10   MATTHEW LOUIS JOHNSON,            )   Civil No. 06cv1257 JAH(POR)
                                       )
11              Plaintiff,             )   ORDER OVERRULING
                                       )   PLAINTIFF'S OBJECTIONS;
12   v.                                )   ADOPTING THE MAGISTRATE
                                       )   JUDGE'S REPORT AND
13   CORRECTIONAL CAPTAIN DARR,        )   RECOMMENDATION; AND
                                       )   GRANTING DEFENDANT'S
14              Defendant.             )   MOTION TO DISMISS [DOC. # 7]
     _____)

15                            **INTRODUCTION**

16          Plaintiff Matthew Louis Johnson ("plaintiff"), a state prisoner appearing *pro se*, has

17   filed a complaint pursuant to 42 U.S.C. § 1983, alleging defendant Correctional Captain

18   Darr ("defendant") violated his federal and state constitutional rights.  Defendant, in lieu

19   of an answer to the complaint, filed a motion to dismiss all of plaintiff's claims.  The

20   Honorable Louis S. Porter, United States Magistrate Judge, submitted a report and

21   recommendation recommending that defendant's motion be granted in its entirety.

22   Plaintiff filed objections to the report.  After a careful consideration of the pleadings and

23   relevant exhibits submitted along with the magistrate judge's report and objections thereto,

24   and for the reasons set forth below, this Court OVERRULES plaintiff's objections,

25   ADOPTS the magistrate judge's report and GRANTS defendant's motion to dismiss in its

26   entirety.

27   //

28   //

## BACKGROUND

The instant complaint stems from an attack upon plaintiff by eight other inmates at Centinela State Prison in Imperial, California on July 21, 2005. *See* Compl. at 10.[1] Plaintiff alleges the attack occurred because plaintiff was directed, as a "Mac Rep,"[2] by defendant to speak with other inmates about a race riot between Hispanic and African-American inmates that had taken place on July 17, 2005, but, while plaintiff was attempting to speak with the inmates, four previously locked down cells were allegedly ordered opened by defendant, allowing eight Hispanic inmates to exit their cells and attack plaintiff, causing injuries to his lip and head. Id. at 3-4.

In his complaint, plaintiff alleges defendant violated his rights under the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution and Article 1, section 7, paragraph (a) of the California Constitution. *See* Compl. at 2, 12; Rep. at 1 n.1. Defendant filed his motion to dismiss on December 4, 2006. Plaintiff's opposition was filed on December 26, 2006. Defendant filed a reply brief on January 8, 2007. The magistrate judge's report and recommendation was issued on August 10, 2007. Plaintiff filed his objections to the report on August 27, 2007. No reply to plaintiff's objections was filed.

## DISCUSSION

1. **Legal Standard**

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636 (b)(1). Under this statute, the district court "shall make a *de novo* determination of those portions of the report... to which objection is made," and "may accept, reject, or modify, in whole or part, the findings or

---

[1] The instant complaint consists of seven (7) pages on a form complaint and seven (7) handwritten pages containing the factual allegations surrounding the claims listed on the form complaint. Both the form complaint and the handwritten pages are numbered as pages 1 through 7. For ease of reference, this Court has numbered the plaintiff's handwritten pages attached to the form complaint consecutively with the form complaint beginning with page number 8 through page number 14.

[2] Apparently, a "Mac Rep" is a representative of the Men's Advisory Counsel which consists of inmates selected by the general population of inmates to act as advisors to the Warden on matters of common interest to the inmates and administration. *See* Rep.at 2 n.3 (citing Mot. at 2 n.2).

2

recommendation made by the magistrate [judge]." It is well settled, under Rule 72(b) of the Federal Rules of Civil Procedure, that a district court may adopt those parts of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. Thomas v. Arn, 474 U.S. 140, 153 (1985).

**2.    Analysis**

Defendant moves to dismiss: (1) plaintiff's federal constitutional claims on exhaustion grounds; (2) plaintiff's state law tort cause of action on the grounds that he failed to allege he timely filed a government tort claim; (3) plaintiff's Fourth, Fifth, Ninth and Fourteenth Amendment claims and his California constitutional claim on the grounds that each fail to state claim upon which relief may be granted; and (4) plaintiff's Fifth and Fourteenth Amendment claims because they are subsumed by his Eighth Amendment claim. Defendant also moves to strike plaintiff's prayer for relief which seeks release from custody because such relief is not available to plaintiff in this suit.

The magistrate judge, in the report and recommendation, found that plaintiff's Fourth, Fifth and Fourteenth Amendment claims should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because plaintiff failed to provide facts to support his claim and because his claim under these amendments are subsumed by an analysis under the Eighth Amendment, which provides an explicit textual source for plaintiff's excessive force claim. *See* Rep. at 4-6. The magistrate judge further found that plaintiff's Eighth Amendment claim should be dismissed for failure to exhaust administrative remedies, in that plaintiff failed to complete the Third Level of Review required to bring suit in federal court. *See* id. at 9-11; *see* Cal.Code Regs. tit. 15 § 3084.5; Barry v. Ratelle, 985 F.Supp. 1235, 1237 (S.D.Cal. 1997). In addition, the magistrate judge determined that plaintiff's state law claims should be dismissed pursuant to 28 U.S.C. § 1367(c)(3) because plaintiff's federal claims are not viable. Id. at 12. Finally, the magistrate judge found that plaintiff's prayer for relief seeking release from custody should be stricken because such relief is only available through a writ of habeas corpus. Id. at 13.

1        Plaintiff present only general objections to the magistrate judge's report. However,

2  petitioner claims that, because he is not versed in the law, he does not understand the

3  magistrate judge's explanation of the reasons for dismissal of plaintiff's claims and prayer

4  for relief, claiming the issues presented are complex. *See* Obj. at 2-3. Petitioner also

5  suggests that the magistrate judge's findings and conclusions in this case were biased

6  against him because the same magistrate judge previously recommended dismissal of a

7  prior suit filed by plaintiff. *See* id. at 3-4. Based on a review of the well-articulated

8  pleadings presented by plaintiff in this case, this Court is unconvinced that plaintiff cannot

9  understand the issues presented here. This Court is also unconvinced that the magistrate

10  judge's recommendation for dismissal of a prior lawsuit filed by the same plaintiff is

11  sufficient evidence that the magistrate judge harbors any ill will toward plaintiff. Plaintiff

12  presents no other specific objections to the magistrate judge's report.

13        As stated previously, this Court may adopt those parts of the magistrate judge's

14  report to which no specific objection is made, provided the findings and conclusions are

15  not clearly erroneous. Thomas, 474 U.S. at 153. This Court has thoroughly reviewed the

16  magistrate judge's report, as well as the entire case file in this matter, and finds that the

17  magistrate judge's report presents a well-reasoned and cogent analysis of the merits of

18  plaintiff's Fourth, Fifth and Fourteenth Amendment claims, the exhaustion issue involving

19  plaintiff's Eighth Amendment claim, as well as the availability of plaintiff's prayer for relief

20  seeking release from custody in this Section 1983 case. As such, this Court finds the

21  magistrate judge's findings and conclusions on the issues presented in defendants' motion

22  are not clearly erroneous. Therefore, this Court OVERRULES petitioner's general

23  objections and adopts in full the magistrate judge's findings and conclusions on all issues

24  presented in the instant motion.

25  //

26  //

27  //

28  //

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  Plaintiff's objections to the magistrate judge's report are **OVERRULED**;

2.  The magistrate judge's findings and conclusions presented in the report and recommendation are **ADOPTED in full**;

3.  Defendants' motion to dismiss plaintiff's complaint is **GRANTED in its entirety**; and

4.  The instant complaint is **DISMISSED WITHOUT PREJUDICE**.

Dated:      December 13, 2007

JOHN A. HOUSTON
United States District Judge

5

**Johnson v. Darr**
**United States District Court Case No. 08-CV-0080-DMS (POR)**


**Exhibit D:**


**Judgment, entered December 13, 2007, in case no.**
**06-CV-01257-JAH (POR)**

AO 450 Judgment in a Civil Case

# United States District Court

## SOUTHERN DISTRICT OF CALIFORNIA

Matthew Louis Johnson

v.

Correctional Captain Darr

**JUDGMENT IN A CIVIL CASE**

**CASE NUMBER:**   06CV1257-JAH(POR)

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that Plaintiff's objections are overruled. The Magistrate Judge's Report and Recommendation are adopted. Defendant's motion to dismiss is granted. The instant complaint is dismissed without prejudice.

| December 13, 2007 | W. Samuel Hamrick, Jr. |
|---|---|
| Date | Clerk |
| | s/J. Petersen |
| | (By) Deputy Clerk |
| | ENTERED ON December 13, 2007 |

1

## DECLARATION OF SERVICE BY U.S. MAIL

2

3  Case Name:  **Johnson, Matthew L. v. Darr**

4  No.:  **08CV0080 DMS POR**

5  I declare:

6  I am employed in the Office of the Attorney General, which is the office of a member of the
California State Bar, at which member's direction this service is made.  I am 18 years of age or
7  older and not a party to this matter; my business address is 110 West A Street, Suite 1100, P.O.
Box 85266, San Diego, CA  92186-5266.

8
On July 18, 2008, I served the attached **DEFENDANT'S REQUEST FOR JUDICIAL**
9  **NOTICE** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully
prepaid, in the United States Mail at San Diego, California, addressed as follows:

10
Matthew L. Johnson
11  D-33369
California Training Facility
12  DW-315 UP
CTF Central
13  P.O. Box 689
Soledad, CA  93960

14
In Pro Per
15
I declare under penalty of perjury under the laws of the State of California the foregoing is true
16  and correct and that this declaration was executed on July 18, 2008, at San Diego, California.

17

18  _____          _____
          K. Alvarez                                          Signature
19                  Declarant

     70130654.wpd
20

21

22

23

24

25

26

27

28