original

1  MR. MATTHEW L. JOHNSON
2  C.D.C. NO. D-33369
3  DW-315UP - C.T.F. Central
4  P.O. Box 689
5  Soledad, Calif. 93960



FILED

JUL 28 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

7
8       IN THE UNITED STATES DISTRICT COURT FOR
9       THE SOUTHERN DISTRICT OF CALIFORNIA

10
11   MATTHEW L. JOHNSON          CASE NO. 08-CV-0080-DMS-(POR)
12          Plaintiff,          NOTICE OF OPPOSITION TO
                                DEFENDANT'S MOTION TO
13      V,                      DISMISS PLAINTIFF'S
                                COMPLAINT.
14   CAPT. R. DARR
           Defendant,
15                              Hearing:        August 28, 2008
16                              Time:           2:00 pm.
17                              Courtroom:         H
                                Judge:        The Honorable
18                                           LOUISA S. PORTER
19

20   PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
21   IN SUPPORT OF PLAINTIFF'S OPPOSITION ARE ATTACHED.
22
23
24
25
26
27
28

CR

1.

**MEMORANDUM OF POINTS AND AUTHORITIES:**

On July 21, 2008, Plaintiff recieved Defendant's Motion to Dismiss his Complaint for the following Reasons stated below.

I. _THIS COURT SHOULD DISMISS PLAINTIFF'S_ COMPLAINT BECAUSE THE ISSUE OF WHETHER HE EXHAUSTED ADMINISTRATIVE REMEDIES IS SUBJECT TO COLLATERAL ESTOPPEL.

II. _THIS COURT SHOULD DISMISS PLAINTIFF'S_ COMPLAINT BECAUSE HE FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES AFTER THIS COURT DISMISSED THE FIRST ACTION.

III. _THIS COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT_ AS FRIVOLOUS BECAUSE IT LACKS AN ARGUABLE BASIS IN LAW.

## INTRODUCTION:

1

2

3    Plaintiff Matthew L. Johnson is a California

4    Prison Inmate currently incarcerated at the

5    Correctional Training Facility (CTF) in Soledad,

6    California.

7    Plaintiff is filing this Complaint from an

8    incident that took place wile he was housed

9    at Centinela State Prison in Imperial, California.

10   Plaintiff was intentionally placed at risk of an

11   attack from other Inmates by Captain DARR,

12   after a Racial Riot had just took place

13   between Black and Hispanic Inmates just

14   Four Days earlyer.

15   Plaintiff filed a complaint against this

16   Correctional OFFICER timely and fully exhausted

17   all administrative Remedies before filing his

18   Last Complaint to this Court, but because

19   Plaintiff is a Layman at Law, and did the best

20   he could at filing such Complaint, Plaintiff's

21   Complaint was Dismissed based upon the way

22   Plaintiff addressed that Complaint, the

23   Court also wrote in it's ruling that the

24   Complaint is Dismissed without Prejudice.

25   Plaintiff Raised several Constitutional violations,

26   Such as his Fourth, Fifth, Eighth, Ninth, and

27   Fourtheenth Amendments, and yet, Plaintiff

28   Claim fail under the Eighth Amendment.

1  Defendant Claim Plaintiff did not exhaust his
2  administrative remedies based upon he never
3  recieved a Responce from the Directer of
4  Corrections, the third level of Appeal, and Subm-
5  itted a Declaration from that branch in Sacra-
6  mento, California, dated July 17, 2008, from
7  Assistant Chief, Inmate Appeals Branch,
8  T. EMIGH, Stating they have No record of Plain-
9  tiff's complaint.
10  Plaintiff totally contend all allegations made
11  by Defendant, and swears to this Court, It's all
12  a Cover up to deprive Plaintiff of his grounds
13  for relief.
14  Plaintiff did infact exhause all his Remedies,
15  but dose not have his original Complaint Form
16  based upon it was submitted in his last
17  Complaint to this Court, Case number 06-CV-
18  1257-JAH(POR).
19  Plaintiff Submitted his complaint to the Appeal's
20  Branch Chief Assistant after it was Denied at
21  the second level at Centinela State Prison,
22  but the complaint was returned to Plaintiff
23  two diffrent times, Claiming Plaintiff needed
24  to go back to the second level for review,
25  upond the third try to submitte his Complaint
26  to the third level, Plaintiff never recieved
27  another responce from them, and after a
28  six (6) month period had passed, with

1  Still No responce from the third level, Deniceing
2  Plaintiff his right to a speedy trial, Plaintiff
3  then Submitted his complaint to this Court,
4  the complaint was Dismissed without
5  Prejudice.
6  Plaintiff is humbly Requesting this Honorable
7  Court to order all Plaintiff legal mail out-
8  going since he been housed here at C.T.F.
9  to prove he submitted his complaint to the
10 third level for review, and to order an
11 ORAL ARGUMENT IN OPEN COURT of ALL THESE
12 ALLEGATIONS OF THE DEFENDANT, as Plaintiff
13 fully denies them.
14 Plaintiff also humbly request from this Court
15 the opportunity to prove his right, Eighth
16 Amendment were infact violated by this
17 officer by placing his life in danger, the
18 defendant has sited all kind of case law
19 and provisions against Plaintiff in this
20 action, to again, deprive him of his Constit-
21 utional Right, and justice, and TELLING
22 this Court what it can and can't do, BUT,
23 that's why we have Courts today, to render
24 justice, and to protect human rights, it is
25 Clear Plaintiff was a victim of a Battery,
26 it is clear Plaintiff was escourted by
27 Captain DARR when this incident accurd,
28 the only way to get to the bottom of what

1  happen to Plaintiff and why it happend, is to
2  simply denie Defendant's motion to Dismiss
3  and order a hearing to provent officer DARR
4  From continueing his misconduct and violat-
5  ing other Inmates rights.
6  under Federal Rule of Civil Procedure 12(b)(6)
7  teste the legal sufficiency of the claims
8  in the Complaint, Defendent dosent even
9  speak on the incident that happend to
10 Plaintiff, instead, the Prosecution/lawyer
11 For Defendent is attempting to continue to
12 Prosecute Plaintiff for being a layman at Law,
13 Please see attach exhibit (a) of Doctor Hewchuk.
14 Also, as address in this Court's Ruling on page 7,
15 Case No. 06-CV-1257-JAH-(POR), it Clearly states,
16 "However, unlike under Rule 12(b)(6)."(i)n deciding a
17 motion to dismiss for failing to exhaust non-
18 Judicial remedies, the Court may look beyond the
19 pleadings and decide disputed issues of FACT."
20 Id at 1120 (citing Ritza, 837 F.2d at 369).
21 see Patsy V. Bd. of Regents of Florida, 457 U.S. 496,
22 516 (1982), also the "merits test," whereby the
23 Prisoner's grievance is fully addressed on the
24 merits by the administrative agency Process, NONE
25 of which addressed Plaintiff's Complaint, nore did
26 the Defendant speak about Such merits.
27 The Defendant also have the sole burden of proving
28 nonexhaustion, however, they faild to submitte

1  Plaintiff's (602) form, See Wyatt, 315 F.3d at 1119),
2  they clearly have records of the Complaint as
3  stated in there responce on page 9-10, also in
4  the responce from Defendant on page 9-10, on
5  page 10 the Defendant agrees with the Plaintiff
6  that infact he did Submitte his Appeal to the
7  Third level for review, but the Appeal Complaint
8  was returned by that final Branch, see page 10,
9  Lines 6-11, of Defendant's Request for Judi-
10 cial Notice, attached as exhibit (b).
11 Here the fact that Plaintiff's Complaint was
12 infact Denied at the second lever for review
13 on January 10, 2006, and was told by the second
14 level, "that he could appeal this decision to the
15 Director's Level of Review," see page 10, Lines
16 3-4, of Defendant's Request for Judicial
17 Notice, why would the third Level, the Appeal's
18 Branch, that's ran by T. EMIGH, return Plaint-
19 iff's Complaint and documents, Claiming his
20 Appeal at the second level wasent completed,
21 The second level clearly DENIED Plaintiff's
22 Complaint, how much more completion was needed
23 for the third level to review Plaintiff's
24 Complaint?, again, this motion made by the
25 Defendant is clearly a Cover up, and need
26 to be dismissed.
27
28

:FINAL CONCLUSION:

Defendant's motion to Dismiss Plaintiff's Claim should be Dismissed, and a Hearing should be ordered to render justice in this action, Defendant Constantly contradict himself in his motion, as attached exhibit (b), Plaintiff should be allowed to prusue his claim to also ensure the Constitutional Amendments were and will be enforced in the United States.

Respectfully Submitted,

Plaintiff,

Matthew L. Johnson
MAtthew L. Johnson
Dated, 7-24-08

: EXHIBITS :

exhibit
(a)

**NAME AND CDC NUMBER    JOHNSON D-33369    CTF D-315U    CDC-128-B**

**LAUDATORY CHRONO**

Inmate JOHNSON D-33369 is a three strike Lifer. He has been incarcerated for over 12 years. Inmate JOHNSON was assigned to the Writer's caseload on 01/26/06. Since that date, he has been seen on a regular basis for mandated Mental Health follow ups as well as individual therapy.

During our clinical contact time, Inmate JOHNSON has focused primarily on the case appeal which he has filed in the Federal Courts as well as his family, to whom he is totally devoted. He appears to be highly motivated for individual improvement, and is programming well within an institutional framework. He appears to have arrived at an understanding and sense of individual responsibility for the antisocial behavior in his past, and is resolved to become a productive member of society upon release.

Orig: C-File
Cc:  Inmate
     Medical File
     MH File
     CC1

E. W. HEWCHUK, Ph.D.
Staff Psychologist
CTF – Soledad

Date: November 7, 2007         JOHNSON D-33369         MEDICAL-PSYCHIATRIC-DENTAL

1  "compliance test" whereby the prisoner must comply with all "critical procedural rules," including

2  agency deadlines. If a plaintiff prisoner meets either test, a court will find proper exhaustion. If a

3  defendant can show that the plaintiff failed to meet both the merits and compliance tests, a motion to

4  dismiss for failure to exhaust administrative remedies will be granted).

5       The State of California provides its inmates and parolees the right to appeal administratively

6  "any departmental decision, action, condition or policy perceived by those individuals as adversely

7  affecting their welfare." See CAL. CODE REGS. tit. 15, § 3084.1(a). It also provides its inmates the

8  right to file administrative appeals alleging misconduct by correctional officers. See id. § 3084.1(e).

9  In order to exhaust available administrative remedies within this system, a prisoner must proceed

10  through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602

11  inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level

12  appeal to the Director of the California Department of Corrections. See id. § 3084.5; Brown, 422

13  F.3d at 929-30; see also Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A decision

14  from the Director's Level of review is "not appealable and concludes the inmate's or parolee's

15  departmental administrative remedy," Brown, 422 F.3d at 930 n.2, and, thus, has been found

16  sufficient to satisfy § 1997e(a). See Barry, 985 F. Supp. at 1237-38.

17       In the instant case, Defendant has shown that Plaintiff did not properly exhaust his

18  administrative remedies. See Wyatt, 315 F.3d at 1119 (defendants have the burden of proving non-

19  exhaustion). Specifically, Defendant shows Plaintiff failed to complete the Third Level of Review

20  before bringing this suit.[6] See Brown, 422 F.3d at 936-37; Woodford, __U.S.__, 126 S.Ct. at 2388

21  (prisoner properly exhausts his administrative remedies when he complies with the state's critical

22  procedure rules governing its grievance or appeals procedure).

23       On August 12, 2005, Plaintiff filed his CDC 602 inmate appeal form for review at the First

27 28  [6] There is no indication in the pleadings whether Plaintiff sought informal resolution prior to filing an appeal at the First Level of Review. However, Defendant does not address this stage of the appeal process and argues only that Plaintiff has not exhausted his administrative remedies due to his failure to complete the Third Level of Review.

*exhibit (b)*

*11*

1   Level of Review. (Complaint at Exhibit N-3[7]; Def.'s Mtn. at Exhibit 1.)  Plaintiff's appeal was

2   denied on September 28, 2005. (Complaint at Exhibit N-5; Def.'s Mtn. at Exhibit 2.)  On January

3   10, 2006, Plaintiff's appeal was denied at the Second Level of Review and was informed that he

4   could appeal this decision to the Director's Level of Review, the Third Level of Review.

5   (Complaint at Exhibit N-6, N-7; Def.'s Mtn. at Exhibit 4.)

6        The Inmate Appeals Branch, which conducts the final review of an appeal, constitutes the

7   Director's Level or Third Level of Review and is the final step of an inmate's administrative remedy

8   process. (Granis Decl. ¶ 4.)  In a letter dated May 19, 2006, the Inmate Appeals Branch informed

9   Plaintiff that his appeal documents were being returned to him because the appeal form he submitted

10  did not indicate his appeal had been completed through the Second Level of Review.  (Complaint at

11  Exhibit I; Granis Decl. ¶ 8.) *How could they not recieve anything from Plaint- iff and yet, returned all his Documents back to him?"*

12       Although the May 19, 2006 letter instructed Plaintiff to contact the Appeals Coordinator if he

13  disagreed with the Inmate Appeals Branch's decision and further directed him to contact his

14  assigned counselor, the Appeals Coordinator, or his Parol Agent to help answer any questions he

15  may have about the appeals process, neither Plaintiff nor Defendant allege facts or present evidence

16  demonstrating Plaintiff had taken any of these steps.  (Id.)

17       The evidence offered by Defendant supports a finding that Plaintiff did not correct the

18  deficiency and re-submit the appeal for consideration at the Third Level of Review.  (Granis Decl.

19  ¶¶ 9-10.)  A review of the records by the Inmate Appeals Branch shows "[n]o third level appeals

20  have been accepted for review...from Plaintiff Matthew Johnson, CDCR #D-33369,...against

21  Defendant Lieutenant Darr, pertaining to conspiracy and assault in July 2005."  (Granis Decl. ¶ 10.)

22  Additionally, the Appeals Office did not receive "any correspondence or telephone calls from

23  Inmate Matthew Johnson, CDC #D-33369, pertaining to appeal log no. CEN-D-05-01339 [appeal

24  relating to July 21, 2005 incident filed by Plaintiff against Defendant] seeking instructions on how to

25  proceed after his appeal was rejected at the Third Level."  (DeGeus Decl. ¶ 7.)  Therefore, the Court

26  finds that Defendant has carried his burden of proving non-exhaustion.  See Wyatt, 315 F.3d at 1119

27

28   [7] Plaintiff labeled seven pages in the Exhibit portion of his complaint with "N." For clarity and
convenience, the Court has designated the first page marked with "N" as "N-1" and continued this form
of identification for the following pages labeled "N" with the next consecutive number.

1  NAME: *MATTHEW L. JOHNSON*

2  CDC NO.: *D-33369*

3  CELL NO.: *DW-315 UP - P.O. Box 689*

4  *Soledad, Calif. 93960*

5  Plaintiff In Pro Se

6

7

8  *IN THE UNITED STATES DISTRICT COURT FOR*

9  *THE SOUTHERN DISTRICT OF CALIFORNIA*

10        (Insert Court Name And District)

11  In the matter of          )
                              )
12  *MATTHEW L. JOHNSON*      ,)    CASE NO.: *08-CV-0080-DMS(PoR)*
13        Plaintiff,          )
                              )    EX PARTE MOTION FOR ASSIGNMENT
14     vs.                    )    OF COUNSEL, AND SUPPORTING
                              )    MEMORANDUM OF POINTS AND
15  *CAPT. DARR*             ,)    AUTHORITIES AND DECLARATION.
        Defendants.           )
16  _____  )

17     TO: THE ABOVE-ENTITLED COURT;

18                   I

19              INTRODUCTION

20     1. COMES NOW, *MATTHEW L. JOHNSON*, plaintiff in the

21  above-entitled matter, pursuant to 28 USC § 1915(d), and moves

22  the Court for assignment of counsel to assist plaintiff in

23  further litigation of this action.

24     2. This Motion is based upon the forthcoming facts,

25  memorandum of points and authorities, the attached declaration

26  of plaintiff, as well as all other papers currently on file in

27  this matter..

28                  -1-

## II

## STATEMENT OF FACTS

3. Plaintiff is currently incarcerated at the California
*Correctional Facility in Soledad, C.T.F.*

4. Plaintiff currently lacks any meaningful source of
income to utilize in employing services of Counsel to provide
experienced legal advice and skills to further the litigation of
this case.

5. Plaintiff only has limited access to a law library and
other materials necessary to facilitate proper legal research;
the time permitted to study available legal materials is
extremely limited during access periods.

6. Plaintiff is a layman at the law with little experience
in the complex and confusing methods of legal research,
reasoning, and writing.  Plaintiff has virtually no knowledge of
proper Federal Procedural Rules, Rules of Court, or Rules of
Civil Procedure which are a fundamental necessity and of
critical importance to proceed with important discovery and in
obtaining certain types of evidence plaintiff believes
defendants currently possess or have access to.

7. Plaintiff does not know what papers should now be filed
or submitted to the court or defendants, to further the
litigation of this case.  Plaintiff has attempted to read and
understand the Federal Rules of Civil Procedure, but plaintiff
has been left predominantly confused regarding appropriate
action at this point.

8. Plaintiff sincerely desires to pursue the above-entitled
action and seek the relief requested in the original complaint

-2-

1  previously filed in this matter.

2      9. Plaintiff has limited formal education and no education

3  in the law.  Plaintiff does not understand or comprehend complex

4  legal reasoning, standards, or language when attempting to study

5  case precedent, codes, statutes, and other legal publications.

6  Plaintiff was required to enlist assistance of fellow prisoners

7  with limited knowledge of the law, in order to prepare and file

8  the pleadings previously filed with the court; including this

9  current Motion For Assignment Of Counsel.  The assistance of

10 fellow prisoners is nearly non-existent due the confinement

11 conditions of my current housing unit; in fact, it is primarily

12 due to pre-printed forms available in the law library plaintiff

13 was able to submit the instant Motion and other papers on file

14 in this action.

15                          III

16         REASONS THE COURT SHOULD ASSIGN COUNSEL

17     10. Plaintiff is unable to employ counsel; (see Forma

18 Pauperis application on file in the above-entitled action.)

19     11. The issues involved in this matter are complex and it

20 is difficult for plaintiff to understand how to further proceed

21 to press plaintiff's claims to a final resolution.

22     12. The issues involved necessitate serious and complex

23 discovery proceedings to be undertaken by plaintiff in order to

24 prepare for further proceedings on summary judgment or

25 preparation for trial.

26     13. The prison limits plaintiff's access and time with law

27 books and other legal materials necessary to facilitate proper

28 legal research and drafting of papers.

-3-

14. Plaintiff has very little legal experience and knowledge of law.

15. The interests of justice and the economy of judicial resources would be best served by assignment of counsel to assist plaintiff in this action.

DATED: 7-24-08          _Matthew L. Johnson_
                              (Signature)

                        MATTHEW L. JOHNSON
                              (Print Name)

                        Plaintiff In Pro-Se

///
///
///
///
///
///
///
///

-4-

## MEMORANDUM OF POINTS AND AUTHORITIES

### ARGUMENT

Plaintiff points out there is clear statutory authority under which the District Court may appoint or assign counsel to assist pro se plaintiff in litigating this civil action.; (28 USC § 1915(d); (in relationship to 42 USC § 1983); also see Norris v. Wainwright, (1977) 588 F.2d 130, 133-134; ("fundamental fairness" is the test by which the decision to appoint assistance of counsel rests.)

Another primary consideration is the right of every litigant, rich or poor, to equal consideration before the courts; (Coppedge v. United States, (1962) 369 U.S. 438, 456.) Even without statutory authority federal courts, in a proper situation or prevailing circumstances of a case, may assign counsel to assist an indigent state prisoner plaintiff under the court's supervisory powers and sound discretion; (McNabb v. United States, (1943) 318 U.S. 332, 346-347; also see The Supervisory Power of the Federal Courts, 76 Harv. L. 1656.)

Some courts hold counsel is not necessary "unless the circumstances of the particular case are such that counsel would be vital to attain due process, or access to the courts." (Eskridge v. Rhay, (1965) 345 F.2d 778, 782; Anderson v. Heinze, (1958) 258 F.2d 479, 482, 484; Dillon v. United States, (1962) 307 F.2d 445, 447; Bounds v. Smith, (1977) 430 U.S. 817, 823-832.)

Plaintiff is well aware the United States Supreme Court and Congress have never held a civil litigant has a right to have counsel assigned for assistance in pursuing claims in the

-5-

1   courts.  However, the question of whether or not to assign

2   counsel is solely within the discretion of the court and that

3   sound discretion "requires that counsel be appointed at least in

4   some cases." (<u>United States v. Wilkens</u>, (1964) 338 F.2d 404,

5   406; <u>United States v. Wilkens</u>, (1960) 281 F.2d 707, 715.)

6       Many entanglements and unnecessary delays and expense to

7   the judiciary and parties may be avoided by assignment of

8   counsel; (<u>Taylor v. Pegelow</u>, 335 F.2d 147, 150.)  At least one

9   District Court has viewed in the context of habeas corpus that,

10  unless the application could be dismissed "summarily," counsel

11  should be assigned to assist the impoverished "layman prisoner";

12  (<u>Cullins v. Crouse</u>, (1965) 348 F.2d 887, 889.)

13      In civil rights actions under <u>42 USC § 1983</u>, to redress

14  injuries inflicted by individuals "acting under color of state

15  law", courts have considered assignment of counsel to be of

16  fundamental importance where the plaintiff (prisoner civil

17  litigant) must conduct discovery to pursue the case and the

18  plaintiff cannot conduct the discovery himself; (<u>Murrell</u>

19  <u>v. Bennett</u>, (1980) 615 F.2d 306, 309.)  Perhaps more

20  importantly, "summary judgment" proceedings against a prisoner

21  plaintiff, unable to secure discovery to ward off such judgment,

22  cannot be permitted against a layman prisoner plaintiff unaware

23  of proper opposition to such proceedings; (<u>Ibid</u>, at 310-311.)

24      In this case, as stated in the foregoing facts and

25  forthcoming attached declaration, plaintiff has clearly

26  demonstrated he cannot proceed further in litigating this

27  meritorious proceeding without assistance from someone

28  knowledgeable in the intricacies entailed in pursuit of this

-6-

1  type of proceeding.

2  <u>CONCLUSION</u>

3      WHEREFORE, the foregoing reasons and any others deemed

4  appropriate by the court, plaintiff prays the court assign

5  counsel to in further pursuit of this action.

6      DATED: _7-24-08_____ .      Respectfully submitted,

7

8                    _____
                              (Signature)

9                    _____
                              MATTHEW L. JOHNSON
10                            (Print Name)

11                    Plaintiff In Pro-Se

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                              -7-

28

## DECLARATION SUPPORTING MOTION FOR COUNSEL

I, _MATTHEW L. JOHNSON_ , declare the following:

1. I am the plaintiff in the above-entitled action.

2. I am currently a state prison inmate with no meaningful source of income to utilize in employing assistance of counsel.

3. My personal attempts to read law books, Rules of Court and Court Procedures have resulted in utter confusion and furthered my inability to comprehend what action I should take next to further prosecute this action.

4. I have had to obtain the assistance of other prisoners, who appeared to have some knowledge of law, under very difficult and restrictive conditions to assist me in writing and filing the papers currently on file before the court.

5. _Plaintiff has tryed to explain his situation before but was denied._

6. _Plaintiff is in the Psychiatric program here at C.T.F. And unable to concentrate under preasure._

7. _Plaintiff humbly ask this Court to please consider his pleadings._

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on (date) _7-24-08_ , at (place) _Soledad_ , California.

_Matthew L. Johnson_
(Signature)

Plaintiff In Pro-Se

-8-

**PROOF OF SERVICE BY MAIL**
**BY PERSON IN STATE CUSTODY**
(C.C.P. §§ 1013(A), 2015,5)

I, MATTHEW L. JOHNSON _____, declare:

I am over 18 years of age and I am party to this action.  I am a

resident of CORRECTIONAL TRAINING FACILITY prison, in the County

of Monterrey, State of California.  My prison address is:

C.T.F. Central , CDCR #: D-33369
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: Dw-315 UP
SOLEDAD, CA 93960-0689.

On  7-24-08 _____, I served the attached:

NOTICE OF OPPOSITION TO DEFENDANT'S MOTION TO

DISMISS PLAINTIFF'S COMPLAINT. & AND AN REQUEST FOR

COUNSEL.

on the parties herein by placing true and correct copies

thereof, enclosed in a sealed envelope (verified by prison

staff), with postage thereon fully paid, in the United States

Mail in a deposit box so provided at the above-named institution

in which I am presently confined.  The envelope was addressed as

follows:

TO: CLERK OF U.S. DISTRIC COURT
ROOM 4290
880 Front Street
San Diego, Calif. 92101-8900

PHILLIP LINDSAY
Deputy Attorney General
110 w. A street, suite #1100
San Diego, Ca. 92101
P.O. Box 85266
San Diego, Ca.92186-5266
Attorney for Defedant
Capt. R. DARR

I declare under penalty of perjury under the laws of the

State of California that the foregoing is true and correct.

Executed on  7-24-08 .

MATTHEW L. JOHNSON
Matthew L. Johnson
Declarant