1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | ROCHELLE C. EAST
Senior Assistant Attorney General
4 | MICHELLE DES JARDINS
Supervising Deputy Attorney General
5 | PHILLIP LINDSAY, State Bar No. 204444
Deputy Attorney General
6 |  110 West A Street, Suite 1100
 San Diego, CA 92101
7 |  P.O. Box 85266
 San Diego, CA 92186-5266
8 |  Telephone: (619) 645-3134
 Fax: (619) 645-2581
9 |  Email: Phillip.Lindsay@doj.ca.gov

10 | Attorneys for Defendant R. Darr

11 |

12 | IN THE UNITED STATES DISTRICT COURT

13 | FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14 |

| MATTHEW L. JOHNSON, | 08-CV-0080-DMS (POR) |
|---|---|
| Plaintiff, | **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| DARR, | Hearing: September 18, 2008 |
| | Time: 2:00 p.m. |
| . | Courtroom: H |
| | Judge: The Honorable Louisa S. Porter |
| | **Special Briefing Schedule** |

Defendant Darr respectfully submits his reply to Plaintiff's Opposition to Defendant's Motion to Dismiss. This Court should dismiss this action because Plaintiff failed to exhaust his administrative remedies before filing suit. This Court should also dismiss the Complaint as frivolous because Plaintiff filed this second, identical action in an attempt to re-litigate the exhaustion issue — an issue he has already lost on.

///

## ARGUMENT

### I.

### THIS COURT SHOULD DISMISS THE COMPLAINT BECAUSE PLAINTIFF IS ATTEMPTING TO RE-LITIGATE THIS COURT'S PREVIOUS FINDING THAT HE FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES BEFORE FILING SUIT

This Court should dismiss this duplicative action because this Court has already found in Johnson's first action that he failed to exhaust his administrative remedies. Johnson does not dispute this. Rather, Johnson disputes the correctness of this Court's prior finding:

> Plaintiff filed a complaint against this Correctional Officer timely and fully exhausted all administrative remedies before filing his last complaint to this Court, but because Plaintiff is a layman at law, and did the best he could at filing such complaint, plaintiff's complaint was dismissed based upon the way plaintiff addressed that complaint. . .

(Pl.'s Opp'n at 3:15-22.) Johnson's entire opposition attempts to re-litigate this Court's prior finding, making the same arguments this Court already rejected. He even attacks the declaration that was filed by Defendant in support of the motion to dismiss the first action. (*Id*. at 4:1-13.) Johnson does not, however, address Defendant's argument that he is collaterally estopped from re-litigating the exhaustion issue. Nor does he dispute in his opposition that he was given a full and fair opportunity to litigate the exhaustion issue.

Moreover, Johnson does not address Defendant's argument that he failed to exhaust his administrative remedies after his first action was dismissed. His failure to address this issue and, instead, simply argue that the Court's previous decision was wrong, is evidence that he failed to correct the deficiency after his first suit was dismissed. Because Johnson is collaterally estopped from re-litigating the exhaustion issue, *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992) and *Clark v. Mason*, No. C04-1647C, 2005 WL 1189577, at *4 (W.D. Wash. May 19, 2005), and because Johnson failed to cure his failure to exhaust before filing this second, identical suit, this Court should dismiss this action for lack of exhaustion of administrative remedies.

///

## II.

## THE DISMISSAL OF THIS ACTION SHOULD COUNT AS A "STRIKE" UNDER THE PLRA

As with the other points raised by Defendant's motion, Johnson fails to address Defendant's argument that this action should be dismissed as frivolous. In his opposition, Johnson offers no rationale or excuse for filing a second, identical action after his first action was dismissed for failure to exhaust administrative remedies. Johnson was fully aware that his suit was barred based on this Court's previous finding that he failed to exhaust his administrative remedies. Yet, it appears that Johnson simply re-filed his action in an attempt to get a second bite at the apple. Johnson offers no reasons and makes no arguments that he filed this action in good faith or that he was under a mistaken belief that he could do so. **The Ninth Circuit has found that claims clearly precluded by collateral estoppel lack an arguable basis in law and should be dismissed as frivolous.** *See Shapley v. Nevada Bd. of State Prison Com'rs,* 766 F.2d 404 (9th Cir. 1985) **(application of collateral estoppel to second action rendered** second action frivolous). This case squarely falls in that category of frivolous actions.

Moreover, Johnson had the opportunity to voluntarily dismiss this action after receiving Defendant's motion to dismiss. Fed. R. Civ. P. 41(a). Instead of doing so, he filed an eight page opposition ignoring Defendant's arguments and, instead, arguing that the previous finding should be ignored as well. Because this action is frivolous, it should count as a "strike" under the PLRA.

///
///
///
///
///
///
///
///

**CONCLUSION**

Johnson is collaterally estopped from re-litigating this Court's previous finding that he failed to exhaust his administrative remedies. As such, this action is barred by the PLRA and should be dismissed. This Court should also find that the dismissal of this action counts as a "strike" under the PLRA; Johnson knew that this action was barred by the PLRA when he filed it.

Dated: August 21, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

ROCHELLE C. EAST
Senior Assistant Attorney General

MICHELLE DES JARDINS
Supervising Deputy Attorney General


PHILLIP LINDSAY
Deputy Attorney General
Attorneys for Defendant R. Darr

70134366.wpd
SD2008700481

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Johnson, Matthew L. v. Darr**

No.:    **08CV0080 DMS POR**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266.

On <u>August 25, 2008</u>, I served the attached **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Diego, California, addressed as follows:

Matthew L. Johnson
D-33369
California Training Facility
DW-315 UP
CTF Central
P.O. Box 689
Soledad, CA 93960

In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 25, 2008, at San Diego, California.

K. Alvarez
Declarant

Signature

70134443.wpd